PEÑAGARÍCANO, APELANTE, *v.* PEÑAGARÍCANO ET AL., APELADOS.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª.

No. 971.—Resuelto en mayo 9, 1913.

HIJOS NATURALES—ACCIÓN DE RECONOCIMIENTO—ACTO SOLEMNE.—Es necesario ejercitar la acción de reconocimiento cuando el estado de hijo natural no consta por reconocimiento hecho de una manera auténtica y fehaciente, de modo que el hijo natural reconocido pueda hacer constar su condición de tal en la misma forma que el hijo legítimo.

EXCEPCIONES PREVIAS—CONCLUSIONES DE LEY.—Como en virtud de la interposición de una excepción previa solamente quedan admitidos aquellos hechos de la demanda que están bien alegados, por tanto la alegación hecha en una demanda de que un hijo está en posesión del estado de hijo natural, es insuficiente para producir ese efecto, por constituir una conclusión de ley.

HIJOS NATURALES—NATURALEZA DE LA ACCIÓN—SÚPLICA DE LA DEMANDA.—Ni la súplica de la demanda ni el título de la acción determinan necesariamente la naturaleza de la causa de acción, la cual ha de derivarse de los hechos que la fundamentan.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. Jacinto Texidor.*

Abogado de los apelados: *Sr. Eduardo Acuña.*

EL JUEZ ASOCIADO WOLF, emitió la opinión del tribunal.

En el presente caso se solicitó en la súplica de la demanda que la corte dictara sentencia con las siguientes declaratorias:

"1. Que la demandante es una hija natural reconocida de Manuel Antonio Peñagarícano, que tal reconocimiento fué hecho por dicho señor por virtud de los actos que han sido alegados en la demanda, y que la demandante ha estado en la posesión constante del estado de hija natural de dicho Sr. Peñagarícano, justificado por los actos directos de éste y de su familia.

"2. Que la demandante es heredera forzosa de Don Manuel Antonio Peñagarícano.

"3. Que el testamento otorgado por Don Manuel Antonio Peñagarícano el día 6 de mayo de 1890 es nulo en cuanto a la institución de herederos por haberse preterido en él a la demandante; y nula la partición de bienes llevada a cabo por virtud de tal testamento."

La cuestión que ha sido planteada en esta apelación es que la corte cometió un error al declarar con lugar la excepción previa que fué formulada a la demanda fundada en la prescripción, puesto que la acción entablada en este caso no es de filiación sino para obtener la declaración judicial sobre los derechos de un hijo cuyo *estado* ha sido ya establecido.

Los actos específicos del padre que han sido alegados en la demanda fueron, que en el año 1873 sostuvo relaciones amorosas continuadas con la madre de la demandante, siendo ambos solteros y sin impedimento para contraer matrimonio; que

cuando la madre se encontraba encinta, el padre, prometiéndole siempre que se casaría con ella, indujo a la madre a ir a España, en donde nació la demandante el día 5 de mayo de 1873; que el mencionado padre socorrió a la referida madre durante su embarazo, mostrando su solicitud para con la niña a quien llamaba hija suya; que desde el momento en que nació dicha niña la consideró como hija suya, llamándola así en sus cartas, entregando a la madre las cantidades de dinero necesarias para atender al sostenimiento de la hija, y prometiéndole en dichas cartas que se casaría con la madre y legitimaría a la hija a quien expresamente reconoció como tal, no solamente ante su madre sino también en presencia de sus propios hermanos y primos; que la niña fué bautizada después en Puerto Rico en el año 1876 y en el acta del bautismo se declaró expresamente por mandato de su padre Don Manuel Antonio Peñagarícano, que la demandante era hija natural reconocida del Don Manuel Antonio, lo que se hizo a presencia y con anuencia de Don Juan Tomás Peñagarícano, hermano del padre y padrino del bautismo; que durante su vida el padre reconoció siempre a la demandante y atendió a sus necesidades; que la familia de Manuel Antonio Peñagarícano siempre trató a la demandante y la tuvo como la hija natural del Don Manuel Antonio; y que éste falleció en España bajo testamento de fecha 6 de mayo del 1890 sin haber cumplido la promesa de matrimonio hecha a la madre de la demandante y sin hacer disposición alguna en favor de la demandante.

Los hechos alegados en la demanda indudablemente constituyen una causa de acción de reconocimiento o de filiación de la demandante con relación a Don Manuel Antonio Peñagarícano y contra esa acción cabe alegar la excepción de prescripción según hemos decidido ya varias veces; pero no muestran el estado de hija natural reconocida de la demandante por dicho Peñagarícano, pues la demandante no ha alegado ningún acto solemne por parte de Don Manuel Antonio Peñagarícano que revele en forma auténtica su voluntad de dar a

la demandante el estado de hija natural reconocida suya, excusándola así de ejercitar la acción de filiación o de reconocimiento. Si hubo algún acto específico de reconocimiento solemne del cual hubiera quedado constancia auténtica y fehaciente, tal acto debió ser alegado para que sirviera de base a la declaratoria de un estado de filiación natural anteriormente reconocido.

Ya dijimos al resolver el caso de *Amsterdam et al.* v. *Puente et al.,* 16 D. P. R., 556:

"Creemos que de las disposiciones del Código Civil vigentes anteriormente, así como de la práctica y jurisprudencia sobre el particular, puede correctamente deducirse la conclusión de que sin algún acto que en forma auténtica revele la voluntad del padre, de dar a su hijo tal estado, el hijo tiene solamente un derecho de acción para obligar al padre a que le confiera dicho estado. El artículo 135 del Código Civil Español, y el 189 del Código Civil de Puerto Rico, preveen los casos en que un padre puede ser obligado a reconocer a su hijo ilegítimo. Solamente puede ser obligado a ello por medio de una acción, y puede decirse que tal acción sería innecesaria, únicamente en aquellos casos en que hubieran actos solemnes por parte del padre, que vengan a demostrar que tal obligación ha sido cumplida. Claramente se deduce de estos artículos, que aunque un padre haya ejecutado, como sucede en el caso de autos, una serie de actos tendentes a mostrar que determinada persona era hijo suyo, sin embargo, no puede decirse que él la haya reconocido, dentro de la accpción que legalmente tiene la palabra 'reconocimiento.' Si él puede ser obligado a ello, entonces hay que convenir en que antes de obligársele, el *desideratum* no se ha logrado. Bajo tales circunstancias, y hasta que no haya algún acto solemne, o alguna declaración de parte de un tribunal, no puede decirse que el hijo ha sido reconocido, ni puede afirmarse que haya adquirido el estado civil de hijo natural reconocido."

Véanse también las decisiones de esta Corte Suprema en los casos de *Puente et al.* v. *Puente et al.,* 16 D. P. R., 582, y de *Rijos* v. *Folgueras et al.,* 16 D. P. R., 624.

En el presente caso propiamente se ejercita una acción de reconocimiento sean cuales fueren los términos en que está redactada la súplica de la demanda, pues ya hemos dicho

otras veces y ahora repetimos, que ni la súplica de la demanda ni el título de la acción determinan necesariamente la naturaleza de la causa de acción, la cual ha de derivarse de los hechos que la fundamentan.

Si el objeto de la demanda hubiera sido que se dictara una simple resolución judicial acerca de un estado de hijo natural ya reconocido en forma solemne y auténtica, no hubiera sido necesario a la demandante haber establecido en su demanda los elementos necesarios y esenciales de una acción de filiación o reconocimiento. La mera referencia del reconocimiento en forma solemne y auténtica hubiera sido suficiente. Además, los actos especificados demuestran la posibilidad de un reconocimiento más bien que su verdadera existencia. Si es necesaria una declaración judicial según expresamos en el caso de *Amsterdam* v. *Puente,* citado anteriormente, el fin no ha podido alcanzarse. Los hechos expresados son aquéllos por virtud de los cuales puede obligarse a un padre a reconocer a su hijo y no muestran un estado que haya sido ya adquirido en forma solemne y auténtica.

Las resoluciones de este tribunal que dejamos citadas establecen que una acción de filiación es necesaria cuando el estado de hijo natural no consta por reconocimiento hecho de una manera auténtica y fehaciente, de modo que el hijo natural reconocido pueda hacer constar su condición de tal en la misma forma que el hijo legítimo. *Rijos* v. *Folgueras et al.,* 16 D. P. R., 624.

Teniendo en cuenta cuanto dejamos expuesto y que la demandante ciertamente tenía más de treinta años cuando presentó la demanda, la acción había prescrito y debe por consiguiente confirmarse la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.