NEUMANN, DEMANDANTE Y APELANTE, *v.* TRUJILLO ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Ponce en pleito sobre nulidad de contratos y devolución de rentas.

No. 1374.—Resuelto en julio 10, 1916.

DEMANDA—CAUSA DE ACCIÓN—HECHOS DE LA DEMANDA.—Los hechos alegados en una demanda son los que determinan la causa de acción que de ellos surja y no el nombre que le den las partes.

ID.—SÚPLICA DE LA DEMANDA.—Aunque generalmente la súplica de una demanda no es de gran importancia, sin embargo puede alguna vez servir para conocer el propósito o fin que persigue el demandante.

NULIDAD DE VENTA—VENTA DE BIENES GANANCIALES SIN EL CONSENTIMIENTO DEL CÓNYUGE—REIVINDICACIÓN.—Cuando presentada una demanda para que se

declare la nulidad de venta de ciertos condominios hecha al demandado por la esposa del padre de la demandante por tratarse de la venta de un bien ganancial sin el consentimiento del esposo, y para que se condene al demandado a reintegrar a la sucesión de que la demandante es parte en la posesión de dichos condominios y también a pagar a la demandante determinada cantidad de dinero como condueña de la participación que en los condominios tenía su padre, se ejercita en ella la acción reivindicatoria y también la de nulidad de título.

REIVINDICACIÓN — LIQUIDACIÓN DE LA SOCIEDAD CONYUGAL — FALTA DE HECHOS DETERMINANTES DE CAUSA DE ACCIÓN—BIENES GANANCIALES.—Cuando un demandante ejercitando la acción reivindicatoria funda su derecho en una participación hereditaria en los bienes de su padre, sin alegar que se haya practicado la liquidación de la sociedad de gananciales, la demanda no aduce hechos determinantes de una causa de acción. No es título bastante para fundar la acción reivindicatoria la adquisición de bienes durante la sociedad conyugal porque sin preceder a la liquidación del haber común no puede afirmarse la existencia del sobrante que corresponde por mitad a los cónyuges.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Gustavo Rodríguez y José G. Torres.*

Abogado de los apelados: *Sr. Antonio F. Castro.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Adela Neumann, una de las herederas de Eduardo Neumann, presentó en la Corte de Distrito de Ponce demanda que tituló de nulidad y en la que exponiendo entre otros hechos que la esposa de Neumann adquirió durante su matrimonio con éste, por título de compra, dos condominios en dos haciendas los que vendió en 1906 sin el consentimiento de su marido a la sociedad Trujillo Mercado & Cía. perteneciendo ahora a otra sociedad denominada Trujillo y Mercado y especificando la cantidad que esos condominios han producido desde la venta y que de ella le corresponde determinada porción en su carácter de condueña de la participación que correspondía en los condominios a su padre Eduardo Neumann, termina con la súplica de que se declare la nulidad de la venta hecha por la esposa y sus sucesivas transmisiones y que se condene a la sociedad Trujillo y Mercado a reintegrar a la Sucesión de Eduardo Neumann en la posesión

de dichos condominios y también a pagar a la demandante determinada cantidad de dinero en su carácter de. heredera de Neumann como parte de los productos de esos condominios.

Excepcionada la demanda por Trujillo y Mercado y otros por el fundamento de que no aduce hechos determinantes de causa de acción la sostuvo el juez y dictada sentencia desestimando la demanda apeló de ella la parte demandante.

La controversia de las partes en este recurso ha versado sobre la clase de acción que se ejercita en la demanda, pues mientras la apelante sostiene que no ejercita acción reivindicatoria sino la de nulidad, sostiene por el contrario la parte apelada que la acción es la de reivindicación y que no puede deducirse por la demandante sin que antes se practique la liquidación de la sociedad de gananciales de Neumann y se le adjudiquen a sus herederos esos condominios.

Para decidir esa cuestión hemos de tener en cuenta que los hechos alegados en una demanda son los que determinan la clase de acción que de ellos surge y no el nombre que le den las partes. *The Juncos Central Co.* v. *Rodríguez,* 16 D. P. R. 308.

Aunque la parte apelante para apoyar su afirmación sostiene que su acción de nulidad surge de su alegación de haber vendido la esposa sin consentimiento del marido bienes inmuebles que ·adquirió por compra siendo casada y que no alega la propiedad y dominio de la cosa que fué objeto de la venta, alegación que es indispensable en las acciones reivindicatorias, sin embargo si se tratara únicamente de una acción de nulidad no hubiera alegado la parte demandante lo que han producido esos condominios desde que fueron vendidos por la esposa y que le corresponde determinada cantidad de ellos, como condueña de la participación que en los condominios ·tenía su padre, y, por tanto, en sus frutos; y si bien es cierto que no alega expresamente que la Sucesión de Neumann es dueña de dichos condominios, esto se des-

prende de los hechos que alega, pues al expresar que la esposa de Neumann adquirió los condominios siendo casada con él, por título de compra, y que los vendió en 1906 sin el consentimiento de su marido. claramente está alegando que esos bienes pertenecen a .la sociedad conyugal, a pesar de esa venta, ya que lo adquirido por cualquiera de los cónyuges por título oneroso, como es el de compra, se entiende adquirido para la sociedad conyugal, y que es nula la venta de bienes inmuebles de la sociedad conyugal hecha por uno de los consortes sin el consentimiento expreso del otro, por disponerlo así el artículo 159 del Código Civil vigente en el año 1906. Aunque generalmente la súplica de una demanda no es de gran importancia, sin embargo puede algunas veces servir para conocer el propósito y fin que persigue el demandante, y si en este caso no hubiera querido la demandante ejercitar la acción reivindicatoria, no hubiera pedido del tribunal que la sociedad Trujillo y Mercado, actual poseedora de esos condominios, se los reintegrase a la Sucesión de Neumann y que además los demandados, excepto los coherederos, paguen a la demandante cierta cantidad de dinero por los frutos de esos condominios.

Así, pues, opinamos que la demandante ejercita la acción reivindicatoria y también la de nulidad del título de los demandados, aunque ésta no es necesaria para que aquélla pudiera prosperar, porque el título no nace de la declaración de nulidad ya que es preexistente al que ostentan los demanbados. Sentencias del Tribunal Supremo de España de 17 de enero de 1889 y 13 de febrero de 1892.

En cuanto a la acción reivindicatoria no aduce la demanda hechos determinantes de causa de acción, pues no alegándose que se haya practicado la liquidación de la sociedad de gananciales de Neumann y su esposa y que esos condominios se adjudicaron a los herederos del marido, no puede la sucesión de éste pretender que el tribunal los mande entregar a

su sucesión, ni tampoco los productos de ellos, y mucho menos que a la demandante se le entregue determinada cantidad de éstos por su participación hereditaria en ellos. En los casos de *Sucesión Nieves* v. *Sucesión Sánchez* y de *Sucesión Morales* v. *Kieckoefer*, 17 D. P. R. 872 y 929, respectivamente, se citó con aprobación la sentencia del T. S. de España de 11 de mayo de 1889 en la que se dijo: "no es título bastante para fundar la acción reivindicatoria la adquisición de bienes durante la sociedad conyugal, porque sin preceder la liquidación del haber común, no puede afirmarse la existencia de un sobrante que corresponde por mitad a los cónyuges."

Pero si bien la demandante no alega hechos suficiente para la acción reivindicatoria, creemos que su alegación es suficiente para pedir y obtener la nulidad del título con que poseen los demandados. Ella con los otros herederos que han sido demandados por no querer reunírsele en la demanda son los representantes legales de Neumann y como tales tienen acción para pedir la declaración de nulidad de la venta hecha sin su consentimiento por la esposa, de bienes que aparecen adquiridos para la sociedad conyugal. Destruído el título de los demandados podrán aportar el de adquisición por la esposa a la liquidación de gananciales y en su día la persona o personas a quienes se adjudiquen esos condominios podrán reivindicarlos.

Por las razones expuestas la sentencia apelada debe ser revocada debiendo continuar los procedimientos.

> *Revocada la sentencia apelada, debiéndose continuar los procedimientos de acuerdo con la ley.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.