Hilario Santos, Suc., S. en C., Demandantes y Apelados, *v.* Morán, Demandado y Apelante.

Apelación procedente de la Corte de Distrito de San Juan, Primer Distrito, en pleito sobre ejecución de hipoteca.

No. 2958.—Resuelto en junio 18, 1923.

Apelación — Señalamiento de Errores — Alegato del Apelante. — Un señalamiento de errores es siempre necesario aun cuando se trate de una sentencia que declaró sin lugar una excepción previa porque generalmente en tales casos la apelación envuelve una cuestión relativa, ya· a la forma de la sentencia, ya a su cuantía o a las costas.

Compraventa de Finca Hipotecada—Responsabilidad del Comprador para con el Acreedor Hipotecario—Causa de Acción.—Aduce hechos determinantes de causa de acción la demanda en juicio ordinario de un acreedor hipotecario dirigida contra el comprador de la finca hipotecada para que le pague la cantidad que retuvo del precio de compra para satisfacer la hipoteca y en cuya demanda se alega que el demandado tomó de su cuenta y cargo dicha hipoteca.

Los hechos están expresados en la opinión.

Abogados del apelante: Sres. *Monserrat & Monserrat.*

Abogado de los apelados: Sr. *F. Soto Gras.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

En este caso no sólo no ha radicado el apelante ningún señalamiento de errores, sino que ha dejado de señalar siquiera un error. Verdad es que él apela de una sentencia que declara sin lugar una excepción previa, pero aun en tal caso, la apelación podría envolver una cuestión de la forma de la sentencia, de su cuantía, o de las costas. Siempre debe archivarse un señalamiento de error. El apelante, sin embargo, ataca la suficiencia de la demanda, y como ésta es una cuestión fundamental, ejercitaremos nuestra discreción para considerarla.

Sostiene el apelante que el tenedor de un crédito hipote-

cario no tiene ninguna acción personal contra el comprador de la propiedad hipotecada, habiendo el acreedor preferido seguir la acción contra tal comprador. Abundando en esta idea insiste él en que la demanda no contiene ninguna alegación que establezca una relación personal entre el acreedor y el comprador. Además, sostiene que si la propiedad hipotecada, es insuficiente para pagar la deuda, que no existía ninguna obligación establecida por su parte de pagar la diferencia. También hubo cierta argumentación en la vista al efecto de que las mejoras hechas en una propiedad de tal modo hipotecada pertenecían al comprador y no es-. taban sujetas a ejecución.

Tenemos algunas dudas en favor del apelante. Tal vez pueda haber casos en los cuales el comprador que adquiere una propiedad no podía ser substituído por el deudor. En este caso, sin embargo, la demanda alegaba el hecho de que el comprador tomó de su cuenta y cargo la hipoteca como parte del precio de la venta y en tal caso la responsabilidad del comprador es personal.

Nos inclinamos algo al parecer de que los artículos 1171 y siguientes del Código Civil son aplicables y especialmente el 1173, el cual es como sigue:

"Artículo 1173.—La novación, que consiste en substituirse un nuevo deudor en lugar del primitivo, puede hacerse sin conocimiento de éste, pero no sin el consentimiento del acreedor."

Aquí el comprador asumió la obligación y el acreedor elige demandarlo a él. Habría una verdadera novación si el acreedor relevara al primitivo deudor, cuestión sobre la cual no estamos tan seguros.

De todos modos la demanda en este caso alegaba lo siguiente:

"5. Que por escritura No. 217 de fecha 26 de mayo de 1922 otorgada ante Damián Monserrat Suro, la mercantil Fernández &

Co. vendió al demandado Cecilio Morán la finca hipotecada, tomando éste de su cuenta y cargo como parte del precio de la venta la hipoteca aquí relacionada.''

Esto representaría para el acreedor si no otra cosa, un cuasi-contrato de acuerdo con el artículo 1788 del Código Civil, el cual prescribe lo siguiente:

''Artículo 1788.—Son cuasi contratos los hechos lícitos y puramente voluntarios de los que resulta obligado su autor para con un tercero y a veces una obligación recíproca entre los interesados.''

Asimismo el artículo 1224 del Código Civil tiene aplicación y es como sigue:

''Artículo 1224.—Los contratos sólo producen efecto entre las partes que los otorgan y sus herederos; salvo en cuanto a éstos, el caso en que los derechos y obligaciones que proceden del contrato no sean transmisibles, o por su naturaleza, o por pacto, o por disposición de la ley.

''Si el contrato contuviere alguna estipulación en favor de un tercero, éste podrá exigir su cumplimiento, siempre que hubiese hecho saber su aceptación al obligado antes de que haya sido aquélla revocada.''

Por el establecimiento de una acción, si no por otros medios, el acreedor aceptó el beneficio de la estipulación a su favor antes de que dicha estipulación fuera revocada.

Véase en cuanto a la analogía que pueda tener el caso de *Keller* v. *Ashford,* 133· U. S. 610, donde se exponen los principios en equidad que regulan situaciones semejantes.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.