TRUEBA et al., demandantes y apelantes, *v.* ROSALES & CÍA. et al., demandados y apelados.

No. 3149.—*Visto:* Abril 3, 1924.   *Resuelto:* Febrero 27, 1925.

PRÉSTAMO HIPOTECARIO—COBRO DE CAPITAL E INTERESES PRESTADOS CON HIPOTECA —DEMANDA ORDINARIA—ACCIÓN PERSONAL—JURISDICCIÓN.—En este caso la demanda establecida por el procedimiento ordinario contra los actuales dueños de la finca que el anterior dueño dió en hipoteca, trata de recobrar el importe de una suma prestada y si bien se alega que la deuda está garantizada con hipoteca, solamente se pide que los demandados sean condenados a pagar el préstamo y sus intereses. *Se resolvió:* que la acción ejercitada es personal, y no habiendo los demandados pedido el traslado del pleito, a la jurisdicción de la corte de distrito ante la cual excepcionaran, quedaron sometidos.

ID.—PRESCRIPCIÓN.—Alegándose en la demanda que la obligación sería exigible a

los cinco meses de requerido de pago el deudor, requerimiento que no se alega haber sido hecho, y diciéndose que no se han pagado los intereses de los dos últimos años anteriores a ella, que fué otro de los modos como la obligación podía ser exigida, como desde entonces no han transcurrido los quince años fijados por el artículo 1865 del Código Civil para la prescripción de las acciones personales que no tengan término especial de prescripción, no resulta prescrita en este caso la acción de cobro que se ejercita en la demanda.

ID.—COMPRADOR DE FINCA HIPOTECADA; RESPONSABILIDAD DEL MISMO—COBRO DE CAPITAL E INTERESES PRESTADOS—ALEGACIÓN NECESARIA—CAUSA DE ACCIÓN.— Cuando el comprador o tercero poseedor de una finca hipotecada no toma de su cuenta y cargo el pago del gravamen hipotecario, del que sólo es responsable mediante la simple adquisición de la finca hipotecada, su responsabilidad se extiende hasta donde alcance el producto de la venta en pública subasta para cumplir la sentencia, sin que pueda hacerse efectiva en sus bienes propios cualquier diferencia que no cubriese el montante de la hipoteca; por lo que, cuando la demanda no alega que los demandados compradores de la finca hipotecada tomaron de su cuenta y cargo el pago de la hipoteca o que reservaron su importe del precio para satisfacerla, o que su responsabilidad quedaba limitada al producto de la venta, no expone hechos suficientes para la acción que en cobro de la cantidad garantizada con hipoteca se ejercita contra ellos, y menos cuando ni siquiera se pide la venta del inmueble para el pago del crédito, elemento que se hace necesario aún cuando se haga la elección del procedimiento ordinario para el cobro.

SENTENCIA de *Charles E. Foote,* J. (Primer Distrito, San Juan), desestimando la demanda, con costas. *Confirmada.*

*M. Tous Soto,* abogado de los apelantes; *C. Coll Cuchí, G. Cruzado Silva, F. Soto Gras* y *R. Díaz Collazo,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

A los treinta y siete años de haber sido prestada cierta cantidad de dinero con interés del 1 por ciento mensual al dueño de determinada finca, los herederos de una persona a quien fué cedido ese crédito presentaron en el año 1923 por el procedimiento ordinario la demanda que motiva esta apelación alegándose que el anterior dueño de esa finca, que está radicada en la Carolina, constituyó hipoteca sobre ella para garantizar el pago de dicha cantidad; que la hipoteca fué inscrita y no ha sido cancelada; que los demandados son los actuales dueños de las tres parcelas en que ha sido dividida la finca hipotecada; que los demandados ni ninguna otra persona han pagado parte de dicho crédito ni los intereses devengados en los últimos dos años y que en el

título de constitución de la hipoteca fué convenido que la misma podría ejecutarse y sería exigible el crédito a los cinco meses de requerido el pago del capital o de haberse dejado de satisfacer los intereses. Con esas alegaciones se pidió a la corte condenase a los demandados a pagar mancomunada y solidariamente a los demandantes la cantidad que fué prestada al anterior dueño de la finca y sus intereses de los dos últimos años, así como los que posteriormente se devenguen hasta su pago.

Uno de los demandados alegó generalmente que la demanda no aduce hechos determinantes de causa de acción, y por otro de ellos compareció su vendedor, como evicionista, quien adujo la misma excepción exponiendo como motivos para ella los siguientes: que la corte no tiene jurisdicción por la materia de la acción porque tratándose de una acción real sobre ejecución de hipoteca es el segundo distrito de San Juan el que tiene jurisdicción para conocer de ella porque la finca hipotecada radica dentro de su jurisdicción: que no alegándose que los demandados se obligaron expresamente a responder personalmente de la obligación garantizada con la hipoteca no puede exigírseles obligación personal por tal concepto ni menos solidaridad para el pago: y que la acción ejercitada está prescrita de acuerdo con el artículo 1865 del Código Civil y 134 de la Ley Hipotecaria y, en todo caso, lo referente a la acción personal según el mismo artículo 1865. La corte inferior declaró que tenía jurisdicción sobre el asunto por sumisión de los demandados y que no aparece prescrita la acción pero sostuvo esas excepciones por el fundamento de que no puede recobrarse de los demandados en una acción personal el importe de la hipoteca alegándose como único fundamento el hecho de que los demandados sean los actuales dueños de la finca, y dictó sentencia declarando la demanda sin lugar. Después los demandantes presentaron a la corte demanda enmendada que contiene sustancialmente los mismos hechos que la anterior pero se pide en ella se declare que los demandados están obliga-

dos al pago del crédito hipotecario con los intereses de los dos últimos años hasta donde alcance el valor de dichas fincas y que se ordene la venta de las tres parcelas para que con su producto se haga pago de los intereses devengados por dicho crédito hipotecario en los dos últimos años anteriores a la radicación de la demanda original y del capital del mismo, si fuere posible. Con ella acompañaron escrito pidiendo a la corte que les exonerase de la sentencia dictada y que les permitiese esa contestación pero la corte negó lo pedido. Contra esta resolución y contra la sentencia se interpusieron estas apelaciones.

Aunque generalmente la súplica de una demanda no es de gran importancia, sin embargo, puede algunas veces servir para conocer el propósito y fin que persigue el demandante, según dijimos en el caso de *Neumann* v. *Trujillo,* 24 D.P.R. 307; y consideradas en el caso presente las alegaciones de la demanda y lo que en ella se pide podemos llegar a la conclusión de que la acción que se ejercita es personal, pues aunque se alega que el préstamo está garantizado con hipoteca sólo se solicita que los demandados sean condenados a pagar la cantidad prestada y sus intereses. Siendo, pues, personal la acción ejercitada en la demanda que originó la sentencia apelada, la corte inferior tenía jurisdicción para conocer de ella de acuerdo con el artículo 81 del Código de Enjuiciamiento Civil por no haber solicitado los demandados el traslado del pleito.

La excepción fundada en la prescripción de la acción tampoco fué procedente porque según el artículo 1870 del Código Civil, el tiempo para la prescripción de toda clase de acciones, cuando no haya disposición especial que otra cosa determine, se contará desde el día en que pudieron ejercitarse; y alegándose en la demanda que la obligación sería exigible a los cinco meses de requerido de pago el deudor, requerimiento que no se alega haber sido hecho, y diciéndose que no se han pagado los intereses de los dos últimos años anteriores a ella, que fué otro de los modos como la

obligación podía ser exigida, como desde entonces no han transcurrido los 15 años fijados por el artículo 1865 del Código Civil para la prescripción de las acciones personales que no tengan término especial de prescripción, no resulta prescrita en este caso la acción de cobro que se ejercita en la demanda.

Réstanos considerar si las alegaciones de la demanda son suficientes para que los demandados puedan ser condenados a pagar mancomunada y solidariamente el préstamo que fué hecho al dueño anterior de la finca dada en hipoteca, finca que dividida en tres parcelas pertenece ahora a los demandados.

Al resolver nosotros el caso de *Hilario Santos, Sucr., S. en C.,* v. *Morán,* 32 D.P.R. 59, en el que se ejercitaba la acción de cobro de un capital garantizado con hipoteca y cuya acción fué dirigida contra la persona que había comprado la finca hipotecada, dijimos tener algunas dudas en favor del demandado respecto a su alegación de que el tenedor de un crédito hipotecario no tiene acción personal contra el comprador de la propiedad hipotecada: que tal vez pueda haber casos en los cuales el comprador que adquiriese una propiedad no podía ser substituído por el deudor, pero que en el caso que se decidía la demanda alegaba el hecho de que el comprador tomó de su cuenta y cargo la hipoteca como parte del precio de la venta y que en tal caso la responsabilidad del comprador es personal. Al hablar, sin embargo, en aquel caso de acción personal, naturalmente que nos referíamos a la extensión de la responsabilidad del comprador de la propiedad hipotecada, y ahora podemos añadir que cuando el comprador o tercero poseedor de una finca hipotecada no toma de su cuenta y cargo el pago del gravamen hipotecario, del que sólo es responsable mediante la simple adquisición de la finca hipotecada, su responsabilidad se extiende hasta donde alcance el producto de la venta en pública subasta para cumplir la sentencia, sin que pueda hacerse efectiva en sus bienes propios cualquier diferencia que

no cubriese el montante de la hipoteca.   Esto es así porque una condena en una acción en cobro de dinero de pagar determinada cantidad puede ejecutarse en todos los bienes del condenado al pago hasta cubrir su importe, por lo que en casos como el presente si la finca hipotecada no cubriere en venta el importe de la sentencia, podrían ser vendidos otros bienes de los condenados al pago para satisfacerla, todo ello sin haber contraído la obligación original o hacerse cargo de la misma para con el acreedor, teniendo que pagar el déficit que resultara en la venta de la finca.   Por consiguiente, no alegando la demanda que los demandados compradores de la finca hipotecada tomaron de su cuenta y cargo el pago de la hipoteca o que reservaron su importe del precio para satisfacerla, o que su responsabilidad quedaba limitada al producto de la venta, no expone hechos suficientes para la acción que en cobro de la cantidad garantizada con hipoteca se ejercita contra ellos, pues por otro lado ni siquiera se pide la venta del inmueble para el pago del crédito, elemento que se hace necesario aún cuando se haga la elección del procedimiento ordinario para el cobro.

Respecto a la otra apelación no podemos declarar que la corte inferior cometiera error al no admitir una demanda enmendada que cambiaba la acción ejercitada en la original.

*La sentencia y resolución apeladas deben ser confirmadas.*