HENRY G. MOLINA, demandante y apelado, *v.* JUAN FERNANDO PASCUAL y ROMANA BULERÍN, demandados y apelante el primero.

No. 5118.—*Sometido:* Marzo 4, 1930. *Resuelto:* Julio 21, 1931.

*Luis Méndez Vaz,* abogado del apelante; *Henry G. Molina,* como abogado, por su propio derecho.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

En la Corte de Distrito de San Juan fué presentada demanda contra Juan Fernando Pascual y contra Romana Bulerín para que solidariamente pagasen al demandante la cantidad de $7,500 sus intereses y costas, alegando para ello substancialmente que el dueño de cierta finca urbana cuya descripción se hace libró un pagaré por $7,500 con intereses, cuyo pago garantizó con hipoteca que constituyó sobre dicha finca: que el demandante es el dueño por endoso de ese pagaré hipotecario: que el dueño de la finca hipotecada la vendió a Juan Fernando Pascual quien se hizo cargo de pagar esa hipoteca: que Pascual la vendió después a Romana Bulerín, su actual dueña, la que reservó del precio de su compra la cantidad de dicha hipoteca para pagarla: y que el pagaré está vencido según los hechos que consignó.

El secretario registró sentencia contra Romana Bulerín por no haber comparecido a contestar la demanda condenándola a pagar las cantidades reclamadas en ella. Pascual compareció y alegó excepciones previas contra la demandada.

Estando el pleito en ese estado el demandante solicitó de la corte que le concediera permiso para enmendar la súplica de su demanda porque su intención siempre fué que la finca hipotecada fuese vendida en subasta y que si el precio obtenido en ella no cubriese el importe de las deudas reclamadas se cobrase la diferencia en otros bienes de los demandados. La corte concedió el permiso interesado y habiendo ordenado que se presentase nueva demanda así lo hizo el demandante reproduciendo en ella los mismos hechos de la anterior y variando la súplica de acuerdo con los términos dichos precedentemente.

Contra esa nueva demanda reprodujo el demandado Pascual las excepciones previas opuestas a la anterior demanda, y la demandada Bulerín presentó moción a la corte dándose por notificada de la nueva demanda, renunciando su derecho de apelación contra la sentencia registrada contra ella por el secretario y consintiendo en que fuese ejecutada desde luego. La corte ordenó que esa sentencia fuese ejecutada y en consecuencia fué vendida la finca en subasta y adjudicada al acreedor por $4,000 para abono a su reclamación.

Las excepciones previas del demandado Pascual fueron declaradas sin lugar, contestó la demanda, y fué señalado día para juicio. Al comenzarlo solicitó dicho demandado que fuese anulada la sentencia dictada contra la Bulerín y su ejecución porque fué impropiamente registrada por el secretario; porque él no fué notificado de la sentencia y porque tampoco tuvo conocimiento de la subasta. La Corte rechazó las nulidades solicitadas y por méritos de la prueba condenó al demandado Pascual a pagar la cantidad de $7,500 sus intereses y costas pero disponiendo que toda vez que el demandante recibió $4,000 a cuenta de la deuda quedaba Pascual obligado solamente por la sentencia a pagar al demandante el balance de lo reclamado en la demanda o sea la cantidad de $3,500 como resto de la obligación más los intereses y costas, que especifica.

Contra esa sentencia interpuso el demandado Pascual este recurso de apelación en el que señala tres motivos de error pero en el argumento resume los dos primeros en uno: el de haber sido infringidos los artículos 194, caso primero, en relación con el 96 del Código de Enjuiciamiento Civil y también los 315, 92, 123, 227 y 229 del mismo cuerpo legal.

Antes de resolver el primer motivo de error refundido queremos decir que los artículos citados del Código de Enjuiciamiento Civil 315, 92, 123, 227 y 229 no tienen relación alguna con este caso, pues el primero de ellos se refiere a lo que es una moción y una orden: el segundo, según quedó enmendado en 1915, a quiénes pueden hacer citaciones y a la manera de practicarlas: el tercero, como fué enmendado en 1911, a las mociones de eliminación de particulares de una alegación: el cuarto al tiempo dentro del cual el secretario deberá registrar sentencia de acuerdo con la decisión de una corte: y el quinto trata de la sentencia cuando la cuantía de la reconvención excede a la de la demanda.

Queremos decir también que la sentencia contra Romana Bulerín descansa en la demanda que no contestó y que registrada sentencia contra ella no era necesario que después se diera por notificada de la demanda posterior.

El artículo 194, caso primero, del Código de Enjuiciamiento Civil dispone que si el demandado dejare de contestar la demanda en pleito que nazca de un contrato sobre pago de dinero el secretario de la corte, a instancia del demandante, anotará sentencia para el pago de la cantidad especificada en la citación, con más las costas contra el demandado o contra uno o más de los varios demandados, en los casos previstos en el artículo 96, preceptivo éste de que cuando la acción es contra dos o más demandados responsables solidaria o mancomunadamente en un contrato, y se hiciere la citación a uno o más de aquéllos pero no a todos, el demandante puede proceder contra los demandados citados tal como si fueren los únicos demandados; y como en este pleito am-

bos demandados fueron notificados de la demanda sostiene el apelante que no pudo registrarse sentencia en rebeldía contra Romana Bulerín.

■■ El artículo ·96 citado no es de aplicación en este pleito porque se refiere al caso de que a pesar de no haber sido citados todos los demandados responsables solidaria o mancomunadamente se puede dictar sentencia contra los demandados citados, por lo que habiendo sido citados los dos demandados en este pleito podía dictar sentencia contra cualquiera de ellos que dejare de contestar la demanda. El apelante cita algunos casos de California en apoyo de su contención, pero ellos se refieren a casos de obligaciones mancomunadas (*joint*) y no a solidarias como son las reclamadas en este pleito. Cuando una finca hipotecada es vendida diversas veces y cada uno de los compradores se hace responsable de pagar tal deuda, puede el acreedor dirigir su acción contra todos o contra alguno o varios de ellos para cobrar el déficit del fallo, derecho que es enteramente separado contra cada una de esas personas, ninguna de las cuales tiene derecho a insistir en que cualquiera de las otras sea demandada o unida en un fallo a favor del demandante. *Robson* v. *O'Toole,* 45 Cal. App. 63, 187 Pac. 110.

■ Dice también el apelante que no se le notificó la sentencia dictada contra la Bulerín, la ejecución seguida contra ella ni la subasta de la finca, pero tratándose de sentencia y ejecución contra un deudor solidario no era necesario notificar esas actuaciones al otro obligado también solidariamente, pues eran acciones independientes, de tal modo que pudo haber sido demandada separadamente la Bulerín y cumplirse la sentencia condenatoria dictada contra ella y demandarse después a Pascual por el déficit no cubierto por la subasta de la finca hipotecada.

■ El otro motivo de apelación se enuncia así:

"Infracción de los artículos 1224 y 1079 del Código Civil y los 153, 112 y 148 de la Ley Hipotecaria, el 162 de su reglamento y el 1870 del Código Civil."

Por la enunciación de ese motivo de error no puede saberse en qué concepto han sido infringidos dichos artículos pero en la argumentación se sostiene que el comprador y apelante Pascual no tiene obligación de pagar la diferencia que resulta entre el precio de la venta en subasta de la finca hipotecada y la deuda total garantizada por ella. Esta cuestión ha sido resuelta por este Tribunal Supremo en los casos de *Hilario Santos* v. *Moran*, 32 D.P.R. 59 y en el de *Trueba* v. *Rosales & Co.*, 33 D.P.R. 1027 en sentido contrario a la proposición del apelante. En el último de ellos se estableció concretamente la siguiente doctrina:

"Cuando el comprador o tercero poseedor de una finca hipotecada no toma de su cuenta y cargo el pago del gravamen hipotecario, del que sólo es responsable mediante la simple adquisición de la finca hipotecada, su responsabilidad se extiende hasta donde alcance el producto de la venta en pública subasta para cumplir la sentencia, sin que pueda hacerse efectiva en sus bienes propios cualquier diferencia que no cubriese el montante de la hipoteca. Esto es así porque una condena en una acción en cobro de dinero de pagar determinada cantidad puede ejecutarse en todos los bienes del condenado al pago hasta cubrir su importe, por lo que en casos como el presente si la finca hipotecada no cubriere en venta el importe de la sentencia, podrían ser vendidos otros bienes de los condenados al pago para satisfacerla, todo ello sin haber contraído la obligación original o hacerse cargo de la misma para con el acreedor, teniendo que pagar el déficit que resultara en la venta de la finca. Por consiguiente, no alegando la demanda que los demandados compradores de la finca hipotecada tomaron de su cuenta y cargo el pago de la hipoteca o que reservaron su importe del precio para satisfacerla, o que su responsabilidad quedaba limitada al producto de la venta, no expone hechos suficientes para la acción que en cobro de la cantidad garantizada con hipoteca se ejercita contra ellos, pues por otro lado ni siquiera se pide la venta del inmueble para el pago del crédito, elemento que se hace necesario aun cuando se haga la elección del procedimiento ordinario para el cobro."

En el caso presente, al comprar Pascual la finca hipotecada se hizo cargo de satisfacer la deuda garantizada con la hipoteca constituída en garantía del pagaré y por esto es

responsable de la diferencia que no cubrió la venta en subasta de la finca; sin que los artículos citados por el apelante estén en contra de lo expuesto en los casos citados.

El caso de Trueba no está en contra de la reclamación del apelado, como alega el apelante, pues si bien es cierto que se declaró sin lugar la demanda fué, como en ella se dice, porque los compradores de la finca hipotecada no se hicieron cargo de pagar la hipoteca o reservaron su importe del precio para satisfacerla, lo que no ocurre en el presente caso.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Señor Texidor está conforme con el resultado.