LUCILA LÓPEZ CEPERO y MANUEL, FERNANDO y EDUARDO FOSAS LÓPEZ CEPERO, demandantes y apelados, *v.* JUAN SIERRA ALVIRA y su esposa ANGELA CORDOVÉS, demandados y apelantes.

No. 7101.—*Sometido:* Diciembre 23, 1935. *Resuelto:* Diciembre 24, 1935.

*Lloréns Torres & O'Neill,* abogados de los apelantes; *Dubón & Ochoteco,* abogados de los apelados.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

Sebastián Corchado y su esposa Concepción Vargas constituyeron hipoteca a favor de Lucila López Cepero y Consuelo López Cepero sobre una casa y solar de su propiedad, para garantizarles un préstamo de $2,200. Posteriormente los referidos esposos vendieron a los demandados Juan Sierra y su esposa Ángela Cordovés, la finca gravada con la hipoteca constituída a favor de Lucila López Cepero y la causante de los otros demandantes Consuelo López Cepero. Del precio de la venta, estipulado por las partes contratantes, dedujeron los compradores la suma de $2,200 para hacer efectivo el pago de la hipoteca mencionada, según se hace constar en la escritura de compraventa. Se alega en la demanda, y no ha sido negado en la contestación, que los demandados, desde que adquirieron la finca, han venido pagando y han pagado a los demandantes los intereses devengados sobre el crédito referido al tipo convenido del 1 por ciento mensual, hasta el 29 de junio de 1934, adeudando los intereses devengados desde esta última fecha hasta el día de hoy, así como el principal del crédito.

No niegan los demandados las alegaciones de la demanda, pero alegan en su contestación lo siguiente:

"Que al comprar la finca urbana descrita en la demanda, los demandados compradores dedujeron del precio de la misma la suma de $2,200, a que asciende la hipoteca que gravaba el inmueble, pero no asumieron la obligación personal de pagar dicha hipoteca ni la

de obligarse con sus demás bienes en el caso de que la finca hipotecada resultase insuficiente a cubrir la hipoteca en caso de ejecución, ni se constituyeron en deudores principales de dicha hipoteca, sino que dedujeron el precio sólo en el sentido de que la finca hipotecada era la que quedaba sujeta al expresado gravamen hipotecario.''

Celebrada la vista de esta causa, la corte inferior dictó sentencia condenando a los demandados a satisfacer el importe del préstamo hipotecario con sus intereses, costas y honorarios de abogado. Apelaron los demandados del fallo dictado por dicho tribunal, y ahora comparecen los demandantes solicitando la desestimación del recurso interpuesto por motivos de frivolidad. La parte apelante ha presentado su alegato, en el cual se atribuyen varios errores a la corte inferior que se limitan a discutir la única cuestión en controversia, que es la que se relaciona con el carácter de la obligación asumida por los demandados al deducir y retener del precio de la venta la suma de $2,200 a que ascendía la hipoteca que gravaba el inmueble. Entienden los demandados que no asumieron la obligación personal de pagar dicha hipoteca ni la de obligarse con sus demás bienes en el caso de que la finca hipotecada resultase insuficiente a cubrir la cantidad referida. Los demandantes, por el contrario, sostienen que los demandados están obligados a satisfacer la cantidad que retuvieron para el pago del préstamo hipotecario.

La corte inferior basa su fallo en la doctrina sentada por este tribunal en los casos de *Hilario Santos* v. *Morán,* 32 D. P.R. 59, y *Trueba* v. *Rosales & Cía.,* 33 D.P.R. 1027. De la opinión emitida por la corte sentenciadora copiamos lo siguiente:

''La única cuestión que levantan los demandados es la de que al comprar la finca a que se contrae este litigio, los demandados dedujeron del precio de la misma, la suma de $2,200 a que ascendía la hipoteca que gravaba el inmueble, pero no asumieron la obligación personal de pagar dicha hipoteca, ni la de obligarse con sus demás bienes en el caso de que la finca hipotecada resulte insuficiente para cubrir la hipoteca, en ejecución, ni se constituyeron en deudores principales, sino que dedujeron el precio sólo en el sentido de que

la finca hipotecada era la que quedaba sujeta al expresado gravamen hipotecario. Esta es toda la contención que hemos de resolver en este asunto.

''.         .         .         .         .         .         .

"En este caso también ha sido significativo el hecho de que los demandados desde el año 1922 en que adquirieron la finca con el crédito que ahora se cobra, y hasta junio de 1934, según ellos han aceptado, han venido pagando a los demandantes los intereses devengados sobre el crédito, obligación ésta que de no haber asumido una responsabilidad personal en cuanto al préstamo hipotecario, indudablemente que no hubieran cumplido. A nuestro juicio, el problema jurídico está previamente resuelto, y en su consecuencia, procede que se declare con lugar la demanda."

En el caso de *Hilario Santos* v. *Morán,* supra, este tribunal, por conducto de su Juez Asociado Sr. Wolf, dijo lo siguiente:

"Tal vez puede haber casos en los cuales el comprador que adquiere una propiedad no podría ser sustituído por el deudor. En este caso, sin embargo, la demanda alegaba el hecho de que el comprador tomó de su cuenta y cargo la hipoteca como parte del precio de la venta, y en tal caso, la responsabilidad del comprador es personal."

En *Trueba* v. *Rosales & Cía.,* supra, el Juez Asociado Sr. Aldrey, quien emitió la opinión del tribunal, se expresó así:

"Al resolver nosotros el caso de Hilario Santos, Sucr., S. en C. v. Morán, 32 D.P.R. 59, en el que se ejercitaba la acción de cobro de un capital garantizado con hipoteca y cuya acción fué dirigida contra la persona que había comprado la finca hipotecada, dijimos tener algunas dudas en favor del demandado respecto a su alegación de que el tenedor de un crédito hipotecario no tiene acción personal contra el comprador de la propiedad hipotecada; que tal vez pueda haber casos en los cuales el comprador que adquiriese una propiedad no podía ser substituído por el deudor, pero que en el caso que se decidía la demanda alegaba el hecho de que el comprador tomó de su cuenta y cargo la hipoteca como parte del precio de la venta y que en tal caso la responsabilidad del comprador es personal. Al hablar, sin embargo, en aquel caso de acción personal, naturalmente que nos referíamos a la extensión de la responsabilidad del compra-

dor de la propiedad hipotecada, y ahora podemos añadir que cuando el comprador o tercero poseedor de una finca hipotecada no toma de su cuenta y cargo el pago del gravamen hipotecario, del que sólo es responsable mediante la simple adquisición de la finca hipotecada, su responsabilidad se extiende hasta donde alcance el producto de la venta en pública subasta para cumplir la sentencia, sin que pueda hacerse efectiva en sus bienes propios cualquier diferencia que no cubriese el montante de la hipoteca. Esto es así porque una condena en una acción en cobro de dinero de pagar determinada cantidad puede ejecutarse en todos los bienes del condenado al pago hasta cubrir su importe, por lo que en casos como el presente si la finca hipotecada no cubriere en venta el importe de la sentencia, podrían ser vendidos otros bienes de los condenados al pago para satisfacerla, todo ello sin haber contraído la obligación original o hacerse cargo de la misma para con el acreedor, teniendo que pagar el déficit que resultara en la venta de la finca. Por consiguiente, no alegando la demanda que los demandados compradores de la finca hipotecada tomaron de su cuenta y cargo el pago de la hipoteca o que reservaron su importe del precio para satisfacerla, o que su responsabilidad quedaba limitada al producto de la venta, no expone hechos suficientes para la acción que en cobro de la cantidad garantizada con hipoteca se ejercita contra ellos, pues por otro lado ni siquiera se pide la venta del inmueble para el pago del crédito, elemento que se hace necesario aún cuando se haga la elección del procedimiento ordinario para el cobro."

No podemos aceptar el criterio de los apelantes, quienes arguyen que no hay ningún párrafo en la escritura que diga que los demandados, al comprar la finca, asumieron la obligación personal de pagar la hipoteca. Se dice claramente que retuvieron el dinero en su poder "para hacer efectivo el pago de las hipotecas sobre las fincas A y B", siendo una de estas fincas la que se describe en la demanda. 'Al retener los demandados la cantidad de $2,200 para hacer efectiva la hipoteca que pesa sobre el inmueble descrito en la demanda, que es la finca B, asumieron la responsabilidad de satisfacer la obligación contraída. Del precio de la venta, aceptado por los compradores, se retiró y retuvo la cantidad mencionada. El hecho de que la finca no alcance a cubrir el importe de la obligación no puede relevar de responsabilidad a los deman-

dados. Si no hubiese existido gravamen hipotecario, los compradores habrían tenido que satisfacer a los vendedores los $2,200 que retuvieron para cubrir el préstamo hipotecario. Es además significativo, como dice la corte inferior, que los demandados continuasen pagando el interés del referido crédito.

*El recurso interpuesto es frívolo y debe ser desestimado.*