GEORGINA LUISA LOKPEZ FINLAY, demandante y apelada, *v.*
VÍCTOR LUIS LOKPEZ, EURÍPIDES SILVA GARRASTAZÚ, ET AL.,
demandados y apelantes.

Núm. 8628.—*Sometido:* Marzo 11, 1943. *Resuelto:* Abril 28, 1943.

*Rafael Buscaglia* y *Arcilio Alvarado,* abogados de los apelantes de apellidos Garrastazú y Silva Garrastazú; *Mariano Acosta Velarde, Federico Acosta Velarde.* y *Daniel Pellón, Jr.,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Está envuelta en este recurso la determinación del alcance del mismo poder otorgado por la demandante apelada a favor de su padre que ya fué objeto de interpretación por esta corte en el caso núm. 8520 de *Georgina Luisa Lokpez Finlay* v. *Víctor Luis Lokpez et al.,* resuelto el 25 de marzo de 1943, ante, pág. 618. A virtud de dicho poder el padre como apoderado de su hija obtuvo de Eurípides Silva Pabón un préstamo por $4,000 que garantizó con hipoteca sobre una finca propiedad de la demandante. La corte inferior dictó sentencia declarando nulo e inexistente el contrato de prés-

tamo e hipoteca, primero, porque el póder otorgado por la demandante no le concedió autoridad a su padre para tomar dinero a préstamo y, segundo, porque el contrato de préstamo nunca fué ratificado por la demandante.

Los apelantes al argumentar el primero y segundo señalamientos de error sostienen que la corte inferior erró al basar su sentencia única y exclusivamente en que el poder no concedía autoridad para tomar dinero a préstamo cuando la demanda, por su título y por su súplica, lo único que planteaba era la nulidad del contrato de hipoteca no estando en controversia el contrato de préstamo.

Una somera lectura de las alegaciones de la demanda demuestra que no tienen razón los apelantes. De la demanda se hicieron formar parte tanto el poder como el contrato de hipoteca y específicamente se alegó que Víctor Luis Lokpez no tenía facultad para actuar en nombre y representación de su hija. Aun cuando el título de la acción fuera el de nulidad de contrato de hipoteca y que en la súplica se solicitara dicha nulidad, es bien sabido que ni el título ni la súplica de una demanda forman parte de la causa de acción alegada, aunque pueden tomarse en consideración para mejor fijar su alcance. *Peñagarícano* v. *Peñagarícano,* 19 D.P.R. 494; *Neumann* v. *Trujillo et al.,* 24 D.P.R. 304.

En la demanda se alegó la nulidad de la escritura de hipoteca. La hipoteca se otorgó como garantía del préstamo. Si el mandatario no tenía facultad para tomar dinero a préstamo, mal puede sostenerse que la hipoteca constituída para garantizar dicho préstamo pueda subsistir gravando bienes de la mandante. La causa de acción alegada comprendía la nulidad de todo el contrato de préstamo e hipoteca otorgado por el mandatario. Si alguna duda hubiera en todo caso sería aplicable el artículo 191 del Código de Enjuiciamiento Civil preceptivo de que el remedio que se concediera a favor del demandante por la corte al dictar sentencia, en cualquier caso en que hubiera contestación, puede incluir "lo que

endo compatible con lo alegado en la demanda, estuviere omprendido en el asunto objeto del litigio."

Por el tercer señalamiento se alega que la corte sentenciadora erró al concluir que el poder no autorizaba al padre a tomar dinero a préstamo. Al interpretar el alcance del poder esta misma cuestión fué resuelta en forma adversa a la contención de los apelantes en el caso anteriormente citado y a lo que allí dijimos nos remitimos.

Alegan además los apelantes que la corte sentenciadora erró al resolver que el contrato de hipoteca no había sido ratificado por la demandante. Para sostener este señalamiento arguyen que el contrato fué ratificado, primero, mediante instrucciones verbales y escritas dadas al demandado Víctor Luis Lokpez; segundo, mediante el reconocimiento implícito de la deuda pagando intereses sobre la misma y tercero, por haber la demandante revocado, mediante escritura pública, el poder otorgado a su padre.

Hemos examinado la prueba en este caso y somos de opinión que la corte sentenciadora no erró al llegar a la conclusión de que el contrato de préstamo e hipoteca no fué ratificado. Este caso se diferencia del núm. 8520, *Lokpez* v. *Lokpez et al.*, supra, por el hecho de que la corte admitió toda la prueba que los demandados ofrecieron para demostrar que la demandante había ratificado, expresa o tácitamente, el contrato de hipoteca y por la apreciación que hizo de la misma concluyó que no hubo tal ratificación. La prueba fué contradictoria y la corte resolvió el conflicto dando crédito a la presentada por la demandante. En el tantas veces mencionado caso núm. 8520, supra, expresamente limitamos el alcance de nuestra decisión en esta forma: "No decimos ni resolvemos cuál pudo ser *el alcance o el crédito* que esa prueba (la no admitida) debió tener o merecer en la mente del juzgador . . .". Somos de opinión que la corte inferior no cometió manifiesto error en la apreciación de la prueba y que, en todo caso, dicha prueba no fué suficiente para demostrar la ratificación alegada.

852

■ Tampoco tienen razón los demandados al sosten que el contrato fué ratificado por la demandante por el hec de haber ella revocado el poder que había conferido a padre. De acuerdo con el artículo 1624 del Código Civil (I 1930) el mandante puede revocar el mandato a su volunt en cualquier momento. Dicha revocación sólo implica q desde ese momento carece el mandatario de facultad pa obligar por sus actuaciones al mandante, pero en forma guna puede implicar que el mandante haya ratificado ó i chazado las actuaciones del mandatario mientras el pod estuvo en vigor.

■ Por último alegan los apelantes que la corte senten ciadora erró al resolver que la demandante no viene obliga a restituir aquello en que se enriqueció, según lo dispues en el artículo 1256 del Código Civil al efecto de que: "cuan la nulidad proceda de la incapacidad de uno de los contr tantes, no está obligado el incapaz a restituir sino en cuan se enriqueció con la cosa o precio que recibiera."

Asumiendo, sin resolverlo, que las disposiciones de es artículo sean aplicables a los hechos de este caso, no se pro por los demandados que la demandante se enriqueciera alguna forma con los $4,000 obtenidos por su padre a vi tud del préstamo. Las cartas que ella le escribió solicitan le enviara $10,000 por sí solas no demuestran que ella red biera dicha suma y por el contrario ella declaró que nun la recibió.

*Debe confirmarse la sentencia apelada.*