Julia Elena Cruz Fuentes, recurrente, *v.* El Registrador de la Propiedad de Humacao, recurrido.

Núm. 1233.—*Sometido:* Diciembre 1, 1948. *Resuelto:* Enero 31, 1949.

*Faustino R. Aponte,* abogado de la recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

La recurrente, de dieciocho años de edad, estando debidamente emancipada por su padre, compró a Jorge Hernández Rivera una finca en Humacao. Se hizo constar en la cláusula segunda de la escritura otorgada lo siguiente:

"En atención a los gravámenes hipotecarios que pesan sobre el inmueble esta venta se verifica por el convenido y estipulado precio de quinientos dollars, suma ésta que confiesa el vendedor haber recibido de la compradora antes de este acto a su entera satisfacción, por lo que otorga a su favor eficaz cartá de pago por tal concepto, previa mi advertencia a los efectos legales de tal confesión."

De la misma escritura aparece que sobre la finca pesan gravámenes hipotecarios a favor del portador o tenedor de varios pagarés.

Presentada la escritura al Registro de la Propiedad para su inscripción, el Registrador la denegó a base de una nota que, en lo pertinente, dice ''por observarse que la menor emancipada, Julia Elena Cruz y Fuentes, adquirió la finca urbana a que se refiere este documento estando la misma hipotecada a favor del Portador o Portadores de Pagaré y a favor del Tenedor de Pagarés, sin que el padre de dicha emancipada haya consentido a la transacción, violándose así lo preceptuado por el artículo 237 del Código Civil (edición 1930), tomándose en su lugar anotación preventiva por término legal de 120 días a favor de la adquirente''.

El artículo 237 citado por el recurrido en apoyo de su nota dispone lo siguiente:

''La emancipación habilita al menor para regir su persona y bienes como si fuera mayor; pero hasta que llegare a la mayor edad no podrá el emancipado contraer promesa u obligación alguna que exceda del importe de sus rentas por un año. Tampoco podrá gravar ni vender bienes inmuebles suyos sin consentimiento de su padre, en defecto de éste, sin el de su madre, y, en su caso, sin el de su tutor.

''Tampoco podrá comparecer en juicio sin la asistencia de dichas personas.''

Arguye el Registrador que de acuerdo con la cláusula segunda de la escritura, supra, ''la fijación del precio de quinientos *dollars* 'en atención a los gravámenes' le obliga a ella a pagar el resto representado por los gravámenes y determina que estos quinientos dollars son únicamente un remanente del precio que sería mayor si no existieren los gravámenes y por tanto la obligación de la compradora se la impone la ley''.

No estamos conformes. Ni por la cláusula segunda antes copiada ni por las demás estipulaciones de la escritura, se obligó la recurrente al pago de las hipotecas que pesan sobre la finca. Los quinientos dólares no fueron un remanente

del precio de venta sino que el único precio. La finca continúa gravada con las hipotecas y ella la compró, así gravada, en quinientos dólares. De no ser satisfechas en su día las hipotecas, responderá la finca pero no la recurrente con sus demás bienes. No contrajo ella promesa u obligación alguna y tampoco gravó bienes muebles o inmuebles suyos. El artículo 237 del Código Civil es claramente inaplicable.

■ En el caso de *Trueba* v. *Rosales & Cía.*, 33 D.P.R. 1027, 1031-2, resolvimos que ''cuando el comprador o tercero poseedor de una finca hipotecada no toma de su cuenta y cargo el pago del gravamen hipotecario, del que sólo es responsable mediante la simple adquisición de la finca hipotecada, su responsabilidad se extiende hasta donde alcance el producto de la venta en pública subasta para cumplir la sentencia, sin que pueda hacerse efectiva en sus bienes propios cualquier diferencia que no cubriese el montante de la hipoteca.'' La misma doctrina es aplicable al caso de autos.

*Debe revocarse la nota recurrida y ordenarse la inscripción solicitada.*