ROSALES, PETICIONARIO, v. CORTE DE DISTRITO DE SAN JUAN,
DEMANDADA.

No. 446.—*Visto:* Marzo 10, 1924. *Resuelto:* Junio 10, 1924.

EJECUCIÓN DE SENTENCIAS EN COBRO DE DINERO—POSESIÓN DE LA FINCA ADJU-
DICADA AL ACREEDOR.—Cuando a pesar de alegarse en la demanda que la deuda
estaba garantizada con hipoteca, la acción es claramente en cobro de dinero,
el hecho de que en ejecución de la sentencia registrada en rebeldía por el
secretario, la finca hipotecada haya sido adjudicada al demandante, no con-
vierte la acción personal en real y por tanto la orden de ejecución no puede
tener el efecto de un auto ordenando la posesión de la finca adjudicada como
lo tendría si se tratara de la ejecución de la hipoteca, ya por el procedimiento
sumario o ya por el ordinario.

ORDEN de *Charles E. Foote,* J. (San Juan, Primer Distrito), dene-
gando moción del peticionario. *Certiorari. Anulado el auto ex-
pedido.*

*F. Soto Gras,* abogado del peticionario; La parte contraria no com-
pareció.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tri-
bunal.

En la Corte de Distrito de San Juan, Distrito Primero,
Caso Civil No. 2410, el día 11 de febrero de 1904, el peticio-
nario presentó una moción solicitando se ordenara que el
márshal diera posesión al demandante de la finca como se
dispuso por la sentencia en el caso arriba citado. Entre
otras cosas la referida moción alegaba que habiendo sido
seguida por todos sus trámites, la acción sobre ejecución de
hipoteca de conformidad con el Código de Enjuiciamiento
Civil la subasta se llevó a cabo y en ella la finca hipotecada
fué adjudicada al acreedor hipotecario, demandante en di-
cha acción. El peticionario en la expresada moción pedía
a la corte que ordenara al márshal que pusiera al deman-
dante en inmediata posesión de la finca objeto del susodicho
procedimiento hipotecario y lo demás tendente a dicho ob-
jeto.

En la orden dictada el 18 de febrero de 1924, la Corte
de Distrito de San Juan asumió con el demandante que la
acción y la sentencia dictada en dicho caso, se llevó a cabo

de acuerdo con un pleito seguido en ejecución de una hipoteca. La corte dijo que la referida acción para la ejecución de una hipoteca (*sic*) era una sobre cobro de dinero y que por tanto no había ninguna ejecución de hipoteca. La corte entonces pasó a resolver que aunque ambos procedimientos conducían a un mismo fin, existía, sin embargo, una gran diferencia en sus trámites y que las palabras "en un pleito sobre ejecución de sentencia", contenidas en el artículo segundo de la ley de marzo 9 de 1905, debían ser aplicadas exclusivamente al procedimiento sumario de la Ley Hipotecaria. También resolvió la corte que la orden sobre posesión bajo el mismo artículo exigía que una orden sobre posesión debía estar contenida en la sentencia misma, y que en una acción personal el demandado sólo podía ser condenado a pagar el importe de la hipoteca y esto fué lo único ordenado en el caso, y bajo estas circunstancias era necesario notificar al demandado. El artículo 2 de la ley de marzo 9 de 1905, puede hallarse en la página 116 de las leyes de la sesión de ese año. Sería conveniente que los abogados, al citar leyes, diesen la página de las leyes de la sesión. Al buscar la ley en cuestión encontramos un gran número de leyes de marzo 9 de 1905. El artículo segundo de la referida ley es como sigue:

"Sección 2.—Siempre que en pleito sobre ejecución de hipoteca, se expida por cualquier tribunal, que tenga jurisdicción en el asunto, una orden para ejecutar dicha hipoteca sobre una propiedad inmueble, dicha orden tendrá toda la fuerza y efecto de un auto ordenando la posesión, tanto entre las partes interesadas en dicho juicio, como entre éstas y cualesquiera otras personas que reclamasen en dicho juicio en virtud de cualquier derecho adquirido durante el mismo, y el tribunal así lo dispondrá en el fallo, expidiendo una orden para que el marshal o cualquier otro funcionario que ejecutase la orden de venta, proceda en virtud de dicha orden a poner el comprador en posesión de la propiedad vendida dentro del plazo de 30 días contados desde el de la venta."

La Corte de Distrito de San Juan tuvo esencialmente ra-

zón, menos tal vez en cuanto limitó el expresado artículo al procedimiento sumario de la Ley Hipotecaria, toda vez que en una acción ordinaria para la ejecución de una hipoteca el expresado artículo segundo es, por sus palabras, a lo menos aplicable.

La corte estuvo enteramente correcta al manifestar que esta acción era una en cobro de dinero y que en la sentencia pronunciada no existía ninguna orden para un cambio de posesión. Resumiremos los hechos y la ley.

El peticionario inició una acción ordinaria en cobro de cierta suma de dinero garantizada con hipoteca. El demandado no compareció y el día 26 de septiembre de 1923, el secretario de la sección primera de la Corte de Distrito registró una sentencia en rebeldía por el importe reclamado en la demanda. Si bien en la demanda se alegaba que la deuda estaba garantizada con hipoteca la acción aparentemente no era en ejecución de hipoteca, si es que puede juzgarse por la súplica de la demanda y la subsiguiente sentencia. Un procedimiento hipotecario es una acción real y no personal. El acreedor, al obtener sentencia, no insistía en sus derechos hipotecarios.

No existía ninguna orden para la venta de la propiedad específica garantizada con hipoteca. Tal orden es característica de todo procedimiento para la ejecución de una hipoteca. Cuando se ejecuta una hipoteca debe describirse en la sentencia la propiedad específica.

El artículo 194 del Código de Enjuiciamiento Civil prescribe que puede dictarse sentencia si el demandado dejare de contestar la demanda en los casos siguientes:

1. ''En un pleito que nazca de un contrato sobre pago de dinero o para obtener perjuicios solamente, . . . . el secretario, a instancia del demandante, deberá hacer constar la rebeldía del demandado, y acto seguido anotará en el récord de la corte la sentencia para el pago de la cantidad especificada en la citación. . . .''

Del párrafo 2 resulta claro que en todos los otros pleitos es la corte misma la que debe dictar sentencia. La función del secretario está circunscrita exclusivamente a las acciones en cobro de daños y perjuicios y dinero solamente acciones personales, no teniendo ninguna autoridad para dictar una sentencia en ejecución de hipoteca.

Por virtud de la sentencia dictada fué librada una orden de ejecución el día 7 de diciembre de 1923, y el acreedor en un documento separado, indicó dos parcelas de terreno contra las cuales el márshal había de proceder a la ejecución. Al dorso de la orden de ejecución el márshal hizo constar su diligenciamiento manifestando que había vendido la propiedad como se describía en el acta de subasta.

En la expresada acta de subasta el márshal manifestó que había procedido a vender la propiedad hipotecada, objeto de este procedimiento, en cumplimiento de la orden de fecha diciembre 7 de 1923.

La orden de diciembre 7 de 1923, no contiene referencia alguna a propiedad, hipotecada o de otra clase, pero requiere al márshal para que cobre la suma principal e intereses especificados en la sentencia. La sentencia como fué registrada por el secretario no hace referencia alguna a ninguna propiedad específica hipotecada o de otra clase. La sentencia nada dice sobre el particular relativo a una hipoteca como tiene que ser en una sentencia dictada por el secretario sin la intervención del juez.

El secretario no trató de hacer esto y el márshal no podía sacar de la sentencia algo que no estuviera contenido en ella. Es un caso en el cual teniendo el acreedor el derecho de ejecutar una hipoteca eligió, en vez de ello, obtener una sentencia personal.

Por tanto, el artículo 2 de la Ley de marzo 9, 1905, al cual ya se ha hecho referencia no es de aplicación. El procedimiento aquí establecido no se "siguió en un pleito cuyo objeto es la ejecución de tal gravamen", o sea el "gravamen sobre bienes inmuebles", sino que la acción es algo que es

enteramente diferente, a saber, una acción personal en cobro de dinero.

El márshal no tenía ningún derecho después de la sentencia a llamar a esta acción un procedimiento ejecutivo hipotecario. Su único deber era cumplir con la sentencia y el mandamiento librado por virtud de la misma ninguno de los cuales contenía referencia alguna a un procedimiento hipotecario. De acuerdo con el anuncio que hizo el márshal en el procedimiento de la subasta es muy dudoso si fué traspasado algún título, toda vez que los compradores podrían quedar afectados por tal anuncio. Si el márshal hubiera dicho que él estaba ejecutando una sentencia ordinaria en cobro de dinero solamente, él hubiera podido tener otras y diferentes ofertas. Por paridad de razonamiento véase la sentencia de esta corte en el caso de Santana v. El Municipio de Manatí, (pág. 43.)

Nos hemos tomado algún trabajo en discutir este auto toda vez que el deudor no estuvo representado en esta corte y porque es necesario examinar todos los autos cuando el acreedor está sosteniendo en un recurso extraordinario como en este caso, que él tiene derecho a la posesión inmediata de la propiedad.

*El auto librado debe ser anulado.*

El Juez Asociado Sr. Franco Soto disintió.