FERNANDO VALLEDOR, demandante y apelado, *v.* JUAN DIEZ
ROSADO y MIGUEL NOGUERAS, demandados y apelante el
primero.

No. 3449.—*Visto:* Marzo 13, 1925.   *Resuelto:* Febrero 3, 1926.

EJECUCIÓN—VENTA—TÍTULO Y DERECHOS DEL COMPRADOR—RESPONSABILIDAD POR
GRAVÁMENES QUE AFECTAN EL INMUEBLE COMPRADO — COMPRADOR QUE NO
ASUME DEUDA HIPOTECARIA.—Comprada en subasta pública una finca hipo-
tecada en cumplimiento de sentencia obtenida en acción personal sin existir
por parte del comprador obligación alguna o motivo para asumir responsa-
bilidad personal por dicha deuda hipotecaria, en ausencia de tentativa alguna
de ejecutar el gravamen hipotecario, no cabe ejercitar acción personal contra
el comprador para el cobro del importe de la hipoteca.

SENTENCIA de *G. Castejón*, J. (Guayama), declarando con lugar la demanda en cuanto a uno de los demandados, sin costas. *Revocada.*

*M. Guzmán Texidor*, abogado del apelante; *C. Domínguez Rubio*, abogado del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Juan Diez Rosado, demandante en una acción personal, ofreció $200 por cierta finca rústica que fué vendida en subasta pública de conformidad con una sentencia obtenida por dicho demandante.

El certificado del márshal contiene la siguiente constancia:

"La oferta del demandante a su petición, fué abonada a su crédito de $560.60 y sus intereses desde el día 17 de mayo de 1922, quedando así reducida la sentencia de la Corte de 28 de junio de 1922 y ejecutada en este solo extremo. Y no habiendo proposición alguna que mejorara la presentada por el demandante Juan Diez Rosado, le adjudiqué públicamente y en voz alta los bienes anteriormente descritos con inclusión de la responsabilidad de la deuda de don Fernando Valledor que los grava en forma legal. A este acto concurrieron personalmente el demandante y su abogado."

Subsiguientemente Valledor estableció demanda contra Juan Diez Rosado en cobro del importe de la reclamación arriba referida, la cual estaba garantizada por hipoteca.

La acción posterior era a su vez puramente personal. No había ninguna súplica para la ejecución de la hipoteca ni fué dictada orden de ejecución del gravamen. La teoría misma del caso del demandante consta además de una petición para que se dicte sentencia en rebeldía que fué archivada con el secretario y en la cual se dice que

"por ser un asunto en cobro de dinero en una obligación consignada en documento público proceda a dictar sentencia contra los demandados en la forma que se solicita en la súplica de la misma."

Sin embargo, el secretario se negó a registrar la senten-

cia y los demandados comparecieron luego y formularon su contestación.

En el juicio, después que el demandante había terminado con la presentación de su prueba, el juez sentenciador declaró sin lugar una moción de *nonsuit* dictando después sentencia a favor del demandante:

"condenando al demandado Juan Diez Rosado a pagar al demandante Fernando Valledor la suma de novecientos treinta y ocho dólares y 40 centavos más los intereses de dicha suma vencidos y no satisfechos al tipo del doce por ciento anual y sin costas; disponiéndose que esta sentencia se hará efectiva embargando y vendiendo la finca hipotecada, y si el producto de la venta resultare insuficiente a cubrir el importe de la sentencia el demandante recobrará el resto sobre cualquier propiedad del demandado mencionado."

La mera incautación y venta de una propiedad hipotecada y vendida en subasta pública en cumplimiento de una sentencia dictada en una acción personal, pero sin que exista tentativa alguna por parte del demandante o de la corte en ejecutar el gravamen hipotecario, no puede sostenerse por virtud de la teoría de tal ejecución. Véase el caso de *Rosales* v. *Corte de Distrito de San Juan,* 33 D.P.R. 316.

El texto del certificado del márshal no dice necesariamente que el comprador se hizo cargo de la deuda que su deudor el demandado tenía contraída con Valledor. Las palabras usadas son asimismo compatibles con la intención de traspasar cualquier derecho, título o interés que el deudor tenía en la finca hipotecada con sujeción y sin perjuicio del crédito hipotecario.

Dada la situación existente en la fecha de la venta, tal traspaso hubiera sido la forma usual y corriente de procedimiento. No existía ninguna obligación por parte del comprador y según parece ningún motivo o aliciente que le hubiera impedido a asumir cualquier responsabilidad personal. En vista de tales circunstancias la fraseología más o menos vaga y ambigua empleada por el márshal no puede ser bas-

tante, sin más, para crear cualquier otra nueva responsabilidad.

*Debe revocarse la sentencia apelada.*

El Juez Asociado Sr. Franco Soto disintió.

OPINIÓN DISIDENTE DEL JUEZ ASOCIADO SR. FRANCO SOTO.

La Ley Hipotecaria prescribe en el artículo 128 y 169 y siguientes del Reglamento para su ejecución, los trámites que han de seguirse para el cobro de los créditos hipotecarios. El procedimiento es sumario y era exclusivo para tales créditos hasta que decretado en 1904 el Código de Enjuiciamiento Civil se permitió, por interpretación judicial, que los acreedores pudieran cobrar sus hipotecas optando por el procedimiento especial de la Ley Hipotecaria o el ordinario del nuevo Código de Enjuiciamiento Civil. A pesar de esta opción, parece deducirse de la doctrina sentada por esta Corte Suprema en este caso y autoridad citada que si se elige la acción ordinaria se han de guardar en ella las formalidades y trámites del procedimiento sumario. Esta es la razón de mi discrepancia. Si fuera así no veo la utilidad que representa la elección del procedimiento ordinario y mejor hubiera sido no haber permitido hacer uso de la acción ordinaria, o al menos, se debió hacer notar a la abogacía lo que se debía hacer en tales casos. Porque las consecuencias pueden ser de alguna trascendencia, pues no sería aventurado afirmar que desde hace años numerosos créditos hipotecarios han sido cobrados por el procedimiento ordinario y si la nueva doctrina prevaleciera todas las adjudicaciones de los inmuebles y las subsiguientes transacciones derivadas de las mismas, quedarían abiertas a ataques colaterales, y el malestar que tal situación produciría en el crédito territorial y en los negocios no sería nada halagador ni menos confortable para la estabilidad de las transacciones.

Yo no creo que en el presente caso, que se ha seguido la acción ordinaria, la manera como se ha establecido la demanda y la forma en que se ha rendido la sentencia, haya

variado la naturaleza de la acción real hipotecaria dentro del procedimiento ordinario. En la demanda se habla de hipoteca, se alega cómo se constituyó, su inscripción en el registro de la propiedad y se describe la finca hipotecada, que pasó al demandado al adquirirla con el gravamen en subasta pública en otro procedimiento.

La sentencia no sólo condena al demandado al pago de la suma, que se alega en la demanda constituye el gravamen hipotecario, sino que dispone que la sentencia se haga efectiva vendiendo la finca hipotecada. No veo que esto difiere en mucho de lo que se hace en el procedimiento especial, artículos 170 y 172 del Reglamento para la ejecución de la Ley Hipotecaria, cuando se dicta auto mandando requerir al deudor mismo, si conserva la finca, o al tercero a quien se haya traspasado, para que *verifique el pago de la suma reclamada con costas, bajo apercibimiento de procederse a la subasta de los bienes hipotecados,* siendo éstos los términos del artículo 170 citado. Las itálicas son nuestras.

Desde luego que si en la sentencia no se hubiera dispuesto que se hiciera efectiva en la finca hipotecada la suma reclamada, entonces sí que parecería tratarse de una acción personal en cobro de dinero, no obstante los términos de la demanda, pero ello no es así en este caso.

Deseo insistir, por otra parte, que no vemos la influencia que pueda ejercer el acta o certificado de subasta expedido por el márshal en el particular que se discute. Aparte que como materia de evidencia aparece del acta que este funcionario adjudicó la finca subastada con la responsabilidad del gravamen hipotecario que pesa sobre la misma y que reclama el demandante, tratándose de la naturaleza de una hipoteca cuya validez depende no ya sólo de su constitución sino de su inscripción en el registro de la propiedad, el que es un aviso para todos, el derecho del demandante no podía ser destruído o afectado por lo que hiciera constar el márshal en el certificado de subasta, porque como cuestión de ley su existencia dependía de lo que arrojara el registro en ese

respecto.   El márshal pudo callar y no obstante el gravamen a favor del demandante quedaba subsistente y válido si así aparecía del registro.

Diremos por último que la sentencia debió quedar modificada únicamente en el extremo que dice "si el producto de la venta resulta insuficiente a cubrir el importe de la sentencia el demandante recobrará el resto de cualquier propiedad del demandado," porque siendo éste tercer poseedor, su responsabilidad debe quedar limitada hasta donde alcance el valor del inmueble gravado.

Por todo lo expuesto, la sentencia apelada debió ser confirmada con la sola modificación indicada.