FÉLIX LUYANDO, demandante y apelante, *v.* RAMÓN DÍAZ DÍAZ, demandado y apelado.

No. 5915.—*Sometido:* Enero 12, 1933. *Resuelto:* Mayo 11, 1934.

*A. Marín Marién,* abogado del apelante; *R. H. Blondet* y *E. Díaz Santana,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Félix Luyando vendió una finca a Ramón Díaz Díaz. Ellos son las partes en este litigio. La demanda de Félix Luyando alegaba que el precio de la compraventa lo constituyó la suma de $4,000; que $1,000 fueron pagados en efectivo; que el demandado convino y se obligó a pagar $1,000 a Guillermo Fernández Pérez y $2,000 a Antonio Fernández Pérez, acreedores hipotecarios de Luyando, estando la deuda

hipotecaria garantizada con la finca mencionada. En la demanda también se alega que el contrato entre las partes fué que el demandado en su día pagaría a los acreedores los $3,000, queriendo decir con ello que Díaz pagaría a su vencimiento la hipoteca o dentro del término de dos años fijado en la escritura de hipoteca; que la aludida deuda de $3,000 no fué pagada a su vencimiento ni hasta el momento de radicarse la demanda. Otra alegación principal de la demanda fué, según hemos visto, *ante* pág. 687, que Luyando había sido demandado por los hermanos Fernández en cobro de la suma de $3,000 garantizada por la hipoteca. El pleito de los hermanos Fernández fué entablado en la forma alternativa de que si en la venta la finca hipotecada no cubría la deuda, los demandantes, Fernández, recobrarían de Luyando o de un comprador posterior de Díaz, la diferencia que se adeudara; que al ser demandado por los Fernández, Luyando notificó a Díaz a fin de que este último se hiciera cargo de pagar los $3,000 y él se negó.

La súplica de la demanda es como sigue:

"Por lo que el demandante suplica a esta Hon. Corte que dicte sentencia condenando al demandado Ramón Díaz y Díaz a satisfacer al primero la suma de tres mil dollars, sus intereses al doce por ciento anual desde 30 de junio, 1931, hasta el completo pago, más las costas, gastos y honorarios de abogado a que fuere condenado este demandante en la acción referida bajo el apartado quinto de esta demanda, disponiéndose en la sentencia aquí solicitada que si vendida en subasta pública la finca descrita, a virtud del pleito aludido en dicho apartado quinto, no alcanzare su producto para satisfacer las sumas que hipotecariamente garantiza, como queda dicho, el ahora demandante recobre la diferencia del demandado Ramón Díaz y Díaz; y condenando a éste al pago de las costas, gastos y honorarios de abogado ya irrogados por la presente acción y los que se irroguen en lo sucesivo."

El demandado excepcionó la demanda y la corte declaró sin lugar la excepción.

El demandado contestó y alegó que había traspasado la propiedad; que la interpretación de las palabras "en su día"

no era como el demandante alegaba; que la deuda hipotecaria aparecía del Registro y fué asumida por la persona que adquirió de él; que no existía obligación personal del demandado para con los Fernández, acreedores de Luyando, y algo más en el mismo sentido o en sentido similar.

El caso fué a juicio. Se probaron los hechos de la demanda. Sin embargo, la corte resolvió que de acuerdo con el caso de *Malgor & Co.* v. *J. Clivillés & Co., Sucrs.*, 42 D.P.R. 457, el pleito era prematuro; que la causa de acción de Luyando dependía de un acontecimiento futuro e incierto; que de conformidad con el artículo 1081 del Código Civil no surgía causa de acción alguna hasta que ocurriera dicho acontecimiento; que hasta que Luyando pagara la sentencia que los Fernández pudieran obtener en su contra no surgía causa de acción alguna; que, en efecto, se había admitido, que el importe de la reclamación de Luyando contra Díaz era incierto y no podía surgir reclamación alguna si la finca se vendía y era suficiente para cubrir la hipoteca. La corte dijo que el día en que se emitió la opinión se había dictado otra sentencia declarando sin lugar la demanda radicada por los Fernández contra Luyando; que el dictar ahora sentencia contra Díaz permitiría a Luyando enriquecerse a sí mismo a expensas de Díaz.

Dados los hechos de este caso, era enteramente claro que Ramón Díaz convino y se obligó a pagar los $3,000 adeudados por Luyando a los hermanos Fernández, estando la deuda garantizada con una hipoteca sobre la finca en cuestión. Originalmente Luyando debía a los hermanos Fernández $3,000. Esta era una obligación principal por la cual él y su esposa otorgaron una hipoteca. Cuando Luyando vendió la finca a Díaz, el convenio específico de este último fué pagar los $3,000 en su día. En lo que a Luyando y Díaz se refería, Díaz convino en pagar la obligación de Luyando cuando ésta venciera. Díaz no lo hizo así. Tenía una obligación que cumplir y al no cumplirla surgió una causa de acción en favor de Luyando.

A excepción de unos pocos casos, todas las autoridades que hemos podido hallar demuestran que cuando el adquirente de bienes hipotecados conviene en pagar la hipoteca y deja de satisfacerla en su oportunidad, surge una causa de acción en favor del deudor original que le traspasó la finca. *Dawson* v. *Grote,* 222 Mass. 240; 41 C. J. 738, nota 97; 41 C. J. 739, nota 20; 41 C. J. 747, nota 37. También se mencionan algunas de las excepciones, pero la excepción principal en esta jurisdicción es el caso de *Malgor* v. *Clivillés,* supra. Ése fué un caso en que el adquirente de la finca no convino en pagar la hipoteca y esta corte resolvió que aún si él hubiese asumido tal obligación, su responsabilidad dependía de la deuda que existiera una vez efectuada la venta de los bienes hipotecados. No podemos convenir con el apelante en que puede hacerse distinción del caso. Si bien de acuerdo con los hechos de dicho caso pudo llegarse a la misma decisión por otro fundamento, sin embargo, el caso terminantemente resuelve que no surge causa de acción alguna hasta que se ha efectuado una venta.

En su demanda el apelante no insistía en que Díaz debía pagarle inmediatamente los $3,000 o más adeudados con motivo de la *obligación* hipotecaria. La idea de que los bienes hipotecados deben ser vendidos primeramente no es absolutamente nueva. Se ha presentado el argumento en varias jurisdicciones de que antes que el acreedor hipotecario mismo pueda cobrar la deuda, debe proceder primeramente contra la finca hipotecada. Esta contención ha sido constantemente resuelta por las cortes al efecto de que el acreedor no está obligado a proceder contra los bienes hipotecados, sino que puede proceder directamente contra el deudor hipotecario original o contra el cesionario que ha asumido el pago de la hipoteca, y aun contra ambos. Entre el deudor y su cesionario la relación es algo similar, de no ser la misma, a la existente entre el fiador y el fiado, equivaliendo la posición del fiado a la del cesionario.

Según toda la jurisprudencia que hemos podido hallar de

los Estados Unidos, el acreedor hipotecario no tiene que proceder contra los bienes hipotecados sino que puede radicar su pleito directamente contra el deudor, según hemos resuelto en varias ocasiones.

Nos hemos tomado el trabajo de revisar alguna de la jurisprudencia con respecto a cuáles son los remedios del acreedor hipotecario, o sea, si puede establecer una acción personal y si puede proceder contra posteriores adquirentes, o aun optar por demandar al deudor original.

*Fernández* v. *Hernández,* 16 D.P.R. 75, fué un caso en que sin referirse a ninguna otra jurisprudencia, este tribunal resolvió que una persona que adquiría una finca hipotecada podía pagar la deuda, si así lo deseaba, y exonerar la misma de responsabilidad, pero que esa persona no estaba en forma alguna obligada a satisfacer la deuda de sus otros bienes si el importe obtenido en la subasta de la finca hipotecada era insuficiente.

El caso de *Luis Sanquírico* v. *Registrador de la Propiedad,* 44 D.P.R. 326, hace referencia al asunto, pero no toca el caso que aquí tenemos a la vista.

Aunque el caso de *Martínez* v. *Registrador de la Propiedad,* 44 D.P.R. 638, trata de otras cuestiones, demuestra que puede entablarse una acción personal en cobro de un crédito hipotecario, aunque la cuestión de si tal pleito procedía no fué plenamente suscitada.

En *Santos* v. *Morán,* 32 D.P.R. 59, dijimos:

"Aduce hechos determinantes de causa de acción la demanda en juicio ordinario de un acreedor hiptecario dirigida contra el comprador de la finca hipotecada para que le pague la cantidad que retuvo del precio de compra para satisfacer la hipoteca y en cuya demanda se alega que el demandado tomó de su cuenta y cargo dicha hipoteca."

El caso de *Font* v. *Rosales Cueli,* 42 D.P.R. 627, fué uno en que resolvimos, para citar del sumario, que "Ejercitada

acción personal en cobro de una obligación garantizada por hipotecas, la referencia en ella a las hipotecas existentes es una simple descripción del origen de la deuda que no convierte la acción personal en real hipotecaria.'' Además, que ''Ejercitada acción personal en cobro de una obligación garantizada por unas hipotecas, el secretario de la corte tiene derecho, . . . a anotar y registrar una sentencia en rebeldía.''

En el de *Molina* v. *Pascual*, 42 D.P.R. 668, aparentemente decidimos que cuando los varios adquirentes de una finca hipotecada asumían la responsabilidad, tal responsabilidad es mancomunada y solidaria con el deudor original, o por lo menos entre los diversos adquirentes.

En *Rosales* v. *Corte de Distrito*, 33 D.P.R. 316, resolvimos que cuando se promueve una acción en cobro de dinero, el hecho de que la finca esté hipotecada no convertía la acción personal en una real.

En *Valledor* v. *Diez*, 35 D.P.R. 21, se cita del caso de *Rosales* v. *Corte de Distrito de San Juan,* y se decide que no puede sostenerse una acción personal contra el adquirente para recobrar el importe de la hipoteca; es decir, según entendemos, que en ausencia de un convenio de parte del adquirente, no procede una acción personal contra él.

A tenor de nuestra decisión en el caso de Fernández, ante pág. 687, llegamos a la conclusión de que Luyando tiene derecho a una sentencia por virtud de la cual se condene a Díaz a pagarle cualquiera cantidad que aquél tenga que pagar a los hermanos Fernández. Por tanto, *debe revocarse la sentencia apelada y dictarse otra a ese efecto.*

VOTO DISIDENTE DEL JUEZ ASOCIADO SR. ALDREY

Los motivos de mi disentimiento en este caso son los mismos que los que acabo de exponer en el de *Guillermo y Antonio Fernández Pérez* v. *Félix Luyando y su esposa Josefa Ramos, y Ulpiano Hernández,* No. 5947, por lo que los doy por reproducidos para el presente.

EN MOCION DE RECONSIDERACION

JUNIO 8, 1934.

Se ha presentado una moción de reconsideración. Los letrados de Díaz sostienen en efecto que cuando se otorga una hipoteca sobre una propiedad, no surge causa de acción alguna hasta que el derecho hipotecario se agota primeramente. Entendamos o no del todo la argumentación del promovente de la moción, la razón primordial para la posición que hemos asumido es que cuando una persona adquiere una finca hipotecada y se obliga a pagar la deuda hipotecaria a su vencimiento y deja de hacerlo así, surge una causa de acción en favor del vendedor. La obligación de parte de Díaz de pagar formaba definitivamente parte del precio de la compraventa; en otras palabras, el pago de $3,000 fué diferido. La persona en cuyo favor existe la obligación debe tener derecho a recobrar en alguna forma. *Ubi jus, ibi remedium.* La única duda que tuvimos en el caso fué la forma de la acción que Luyando tenía contra Díaz. En Puerto Rico tenemos nuestro propio sistema de derechos y obligaciones y cuando surge un derecho puede exigirse el cumplimiento de la obligación.

Esta posición es fortalecida por el hecho de que tenemos un sistema completo para proteger los derechos de los demandantes al exigir el cumplimiento de una obligación. Tenemos la ley de 1902, conforme a la cual un demandante puede asegurar la efectividad de la sentencia. La sección 2(h) concede a la corte amplia discreción para proteger los derechos de los demandantes. Si existe el incumplimiento de una obligación que da derecho a una persona a recibir compensación, líquida o ilíquida, ella tiene derecho a que se le proteja mediante litigio y a asegurar la efectividad de la sentencia que pueda obtener.

Al redactar nuestra decisión nos dimos cuenta de que no teníamos precedente en Puerto Rico para la posición que asumimos, pero también tuvimos en mente las disposiciones generales del artículo 36 del Código de Enjuiciamiento Civil,

según el cual si el procedimiento no estuviere específicamente señalado por dicho código, podrá adoptarse cualquier otro modo consistente con la justicia o la equidad.

*Debe declararse sin lugar la moción de reconsideración.*