RAFAELA EDITA ALFONZO, demandante y apelada, *v.* JOSÉ MARTÍNEZ RODRÍGUEZ, demandado y apelante.

No. 6622.—*Sometido:* Mayo 28, 1934. *Resuelto:* Mayo 29, 1934.

*L. Mercader,* abogado del apelante; *A. Casanova,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

La transcripción de los autos para esta apelación ha sido radicada en este tribunal. No contiene la prueba practicada en el juicio sino las alegaciones de las partes, la sentencia, la opinión en que se funda y el escrito de apelación. El alegato del apelante también ha sido presentado. La parte apelada nos pide que desestimemos la apelación por frívola.

Este pleito se inició en una corte municipal por demanda ordinaria contra José Martínez Rodríguez en la que se alega que la demandante dió en préstamo a Remigio Martínez $300 para ser pagados en fecha que estaba vencida, cuya cantidad más $100 para intereses, costas y honorarios de abogado fué garantizada con hipoteca de la finca descrita y que la finca hipotecada fué vendida al demandado quien reservó $300 del precio de su compra para pagar esa deuda. Por esas alegaciones se solicitó sentencia que condenase al demandado al pago de los $300 más $100 adicionales para intereses y costas, incluyendo honorarios de abogado. El demandado se limitó en su contestación a hacer una negación general de los hechos de la demanda. El día del juicio no compareció a él y dictada sentencia condenatoria apeló de ella para la Corte de Distrito de Arecibo.

El día señalado para el juicio de nuevo en la corte de distrito solicitó el demandado que fuera suspendido alegando no tener sus testigos disponibles. El demandante se opuso a esa suspensión y manifestó que si la corte accedía a ella impusiera costas al demandado por la suspensión. La corte de distrito acordó la transferencia del juicio y en presencia de los abogados de las partes señaló otra fecha para él. En ese día no compareció el demandado ni su abogado y celebrado el juicio y presentada la prueba de la demandante recayó sentencia condenando al demandado a pagar $300 de capital más $100 de crédito adicional, disponiendo también que la finca hipotecada se vendiese en subasta para con su producto satisfacer las cantidades reclamadas. El mismo día de esa sentencia dictó la corte resolución en la que haciendo constar que cuando suspendió el juicio fué con la condición de que el demandado pagara las costas de la suspensión y que habiendo presentado la demandante su memorándum de costas reclamando solamente $60 por honorarios de abogado, al que se opuso el demandado alegando que el tribunal carece de facultad para imponer las costas, redujo los $60 a $25 y condenó al demandado a que los satisficiera. Contra esa resolución y contra la sentencia se interpuso apelación por el demandado.

Los motivos alegados para esas apelaciones son dos: primero, no haberse declarado la corte de distrito sin jurisdicción en este caso por tratarse del cobro en la corte municipal de un crédito hipotecario; y segundo, porque tratándose de un pleito originado en la corte municipal carecía la corte de distrito de jurisdicción para resolver el memorándum de costas con motivo de la suspensión del juicio y sin que oyera al demandado.

El primer motivo de error lo funda citando únicamente nuestras decisiones en el caso de *Rosales* v. *Corte de Distrito,* 33 D.P.R. 318, y el de *García* v. *Registrador,* 41 D.P.R. 470. En ninguno de ellos hemos resuelto que la corte municipal no tenga jurisdicción para conocer de demandas en

cobro de dinero cuando está garantizado con hipoteca. La sección 4 de la ley determinando la jurisdicción de las cortes municipales, Estatutos Revisados, pág. 265, confiere jurisdicción a las cortes municipales para conocer de todos los asuntos civiles que se promuevan en su distrito hasta la suma de $500, intereses inclusive.

■ En cuanto al segundo motivo de apelación no se trata en este caso de si la corte de distrito podía o no imponer costas tratándose de un caso originado en la corte municipal, porque los $25 que la corte de distrito mandó al demandado que pagase lo fué como condición para suspender el juicio. El artículo 335 del Código de Enjuiciamiento Civil autoriza a la corte para imponer el pago de las costas que puedan ocasionarse por la suspensión de un juicio como condición para acceder a la solicitud. Las costas así impuestas son por la suspensión del juicio y no por la temeridad que pueda haber en el pleito. En este caso la apelante fué oída respecto a esas costas pues, según los autos, se opuso alegando falta de jurisdicción para imponerlas.

*Encontramos que los dos motivos de la apelación son frívolos, por lo que las apelaciones interpuestas por el demandado deben ser desestimadas.*