Emil Trautmann Shaffner, demandante y apelado, *v.* Porto Rico Ore Company, demandada y apelante.

No. 5366.—*Sometido:* Noviembre 16, 1932. *Resuelto:* Mayo 29, 1934.

*Gabriel de la Haba,* abogado de la apelante; *Alberto S. Poventud,* abogado del apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Tomaremos de los autos de esta apelación únicamente los hechos que son necesarios para resolverla.

Una sociedad civil dueña de ocho fincas rústicas las hipotecó a favor de Emil Trautmann para garantizarle el pago de cierta cantidad de dinero que estaba debiéndole. Después de varias enajenaciones de esas fincas han llegado a ser propiedad de la corporación The Porto Rico Ore Company, la que al comprarlas pagó al que se las vendió todo el precio convenido por la enajenación, sin reservarse parte del precio para satisfacer la hipoteca, sin hacer suya la deuda hipotecaria y sin comprometerse a pagarla.

Emil Trautmann demandó en juicio ordinario en cobro de dinero a The Porto Rico Ore Company para que le pagase cierta cantidad que le era debida por esa hipoteca y solicitó fuese condenada a pagarle la cantidad que reclama. La corporación demandada se opuso a esa reclamación pero celebrado el juicio la corte la condenó a pagar la cantidad reclamada en la demanda. No dispuso que las fincas hipotecadas fueran vendidas para satisfacer esa sentencia.

De lo expuesto aparece que el acreedor hipotecario Emil Trautmann no ha establecido su acción contra el actual dueño de las fincas que compró estando hipotecadas para que le pague la cantidad reclamada con el producto de la venta de las fincas hipotecadas sino que ha ejercitado una acción personal para que le satisfaga la cantidad que se le adeuda de la hipoteca, como solicita en su demanda, y que la sentencia no decreta la venta de dichos bienes hipotecados sino que condena al apelante a satisfacer la cantidad reclamada como si fuera realmente debida por él personalmente a Emil Trautmann; sentencia que por sus términos puede ser cumplida en cualquiera de los bienes que tenga el apelante independientemente de las fincas que compró estando hipotecadas.

Así, pues, la cuestión fundamental en este pleito es si Emil Trautmann tiene acción personal contra The Porto Rico Ore Company para que le pague la deuda reclamada con los bienes que tenga aunque no sean los hipotecados.

■■ No hay duda de que los bienes hipotecados responden del crédito que garantizan aunque hayan pasado a tercera persona con la hipoteca y de que el acreedor puede dirigir su acción contra esa tercera persona, actual dueña de las fincas, para cobrar con la venta de ellas el crédito que se le adeuda, porque al ser así compradas estaban sujetas a ese gravamen y el comprador se convirtió en dueño de algo gravado, pero esa tercera persona no está obligada a pagar con sus bienes particulares en el caso de que el producto de la venta de las fincas hipotecadas no fuera suficiente. *Fernández* v. *Hernández,* 16 D.P.R. 75.

En el caso de *Trueba* v. *Rosales & Cía.,* 33 D.P.R. 1027, hemos dicho, tomando del sumario, lo siguiente:

"Cuando el comprador o tercero poseedor de una finca hipotecada no toma de su cuenta y cargo el pago del gravamen hipotecario, del que sólo es responsable mediante la simple adquisición de la finca hipotecada, su responsabilidad se extiende hasta donde alcance el producto de la venta en pública subasta para cumplir la sentencia, sin que pueda hacerse efectiva en sus bienes propios cualquier diferencia que no cubriese el montante de la hipoteca; por lo que, cuando la demanda no alega que los demandados compradores de la finca hipotecada tomaron de su cuenta y cargo el pago de la hipoteca o que reservaron su importe del precio para satisfacerla, o que su responsabilidad quedaba limitada al producto de la venta, no expone hechos suficientes para la acción que en cobro de la cantidad garantizada con hipoteca se ejercita contra ellos, y menos cuando ni siquiera se pide la venta del inmueble para el pago del crédito, elemento que se hace necesario aun cuando se haga la elección del procedimiento ordinario para el cobro."

■ El comprador de bienes hipotecados sabe que ellos están sujetos al pago de ese gravamen y que por esa obligación puede perderlos, pero al comprar así no ha contraído obligación personal para con el acreedor comprometiendo otros bienes al pago de la deuda. En este caso se ejercitó en la demanda una acción personal y no real. *Rosales* v. *Corte de Distrito,* 33 D.P.R. 316; *Martínez* v. *Registrador,* 44 D.P.R.

638; *Font v. Rosales Cueli,* 42 D.P.R. 627, y *Valledor v. Diez,* 35 D.P.R. 21.

*Por lo expuesto la sentencia apelada debe ser revocada y dictarse otra declarando sin lugar la demanda sin especial condena de costas.*