Armour Fertilizer Works, demandante y apelante, *v.* Faustino Carrasquillo, demandado y apelado.

No. 6214.—*Sometido:* Febrero 7, 1934. *Resuelto:* Enero 30, 1935.

*R. Buscaglia,* abogado de la apelante; *J. Vendrell,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Durante el juicio de este caso se presentó prueba tendente a demostrar que Faustino Carrasquillo adeudaba a la Santini Fertilizer Company cierta cantidad de dinero. Originalmente se permitió que un testigo declarara sin objeción alguna que la obligación de la Santini Fertilizer Company pertenecía ahora a la Armour Fertilizer Works, demandante en este caso. A instancia del demandado esta declaración fué eliminada. La teoría del demandado y de la corte fué que, como la reclamación de la Santini Fertilizer Company estaba garantizada con hipoteca, la cesión del crédito debía demostrarse mediante un documento auténtico similar.

La apelante sostiene y demuestra que al iniciar esta acción no se fundó en la garantía de la hipoteca sino meramente en el traspaso de la obligación principal. Convenimos con la apelante. Todo lo que la demandante trataba de obtener era una sentencia en cobro de dinero y a ella tenía derecho. Podría presentarse otra cuestión si la apelante se hubiese basado en la hipoteca. Nada había en la demanda que justificara un ejecutivo y la apelante lo hizo constar así específicamente durante el juicio. Véanse a este respecto *Font* v. *Rosales Cueli,* 42 D.P.R. 627 y *Luyando* v. *Díaz,* 46 D.P.R. 691.

Otro de los errores señalados se refiere a la resolución de la corte sobre los honorarios. Toda vez que esta reclamación estaba basada en una suma convenida, la demandante no tenía que esperar hasta que se presentara un memorándum de costas, sino que podía solicitar dicha suma en la demanda, tal cual se hizo.

La apelante solicita de este tribunal que dicte sentencia en su favor, y sostiene que de los autos aparece lo

suficiente para justificar tal sentencia. Sucede, sin embargo, que la corte inferior accedió a la eliminación solicitada por el demandado y que más tarde éste presentó una moción de *nonsuit*. Es evidente que después de dicha eliminación no había la debida evidencia ante la corte que el demandado pudiera refutar. De un examen de los autos parece probable que la demandante hubiera debido tener éxito, mas no creemos tener facultad para dictar esa sentencia toda vez que, conforme estaba el caso, no había suficiente prueba en los autos para demostrar las alegaciones de la demanda, y aun si la hubiese habido, debe dársele oportunidad al demandado para hacer frente a la misma. Por tanto, nos sentimos obligados a resolver que el caso debe ser devuelto para ulteriores procedimientos. Podría suceder que la corte inferior se sintiera con derecho a proseguir el juicio permitiendo a la demandante continuar su caso, pero si esto no puede hacerse, debe celebrar un nuevo juicio o algo por el estilo, a discreción de la corte. La idea es dar al demandado la oportunidad de ser oído en su defensa después que la demandante presente un caso prima facie.

*Debe revocarse la sentencia apelada y devolverse el caso para ulteriores procedimientos no inconsistentes con esta opinión.*