Valiente & Co., peticionaria y apelante, *v.* Hon. Manuel V. Domenech, Tesorero de Puerto Rico, sustituído en apelación por el Hon. Rafael Sancho Bonet, demandado y apelado.

No. 6847.—*Sometido:* Abril 25, 1935. *Resuelto:* Febrero 5, 1936.

*Edelmiro Martínez Rivera,* abogado de la apelante; *Hon. Procurador General B. Fernández García (Benjamín J. Horton* en el alegato), *Angel C. Calderón, Subprocurador,* y *Enrique Igaravídez,* abogados del apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Según indica la apelante, este caso fué resuelto por una excepción previa a su petición, y por lo tanto los hechos alegados en dicha petición tienen que ser aceptados como ciertos.

Se desprende entre otras cosas que la peticionaria se dedicaba al negocio de compra de tabaco; que con anterioridad a la petición de *injunction* en este caso, la apelante compró de varios cosecheros 1,000 quintales de tabaco.

Al hacer las varias compras, la peticionaria les llamó la atención a los vendedores de la necesidad que había de que ellos pagaran ¼ de centavo por libra de tabaco vendido, de conformidad con la Resolución Conjunta No. 13, de 8 de julio de 1929 (pág. 75), y de su obligación de poner el importe de dicha contribución en manos de la peticionaria; que los cosecheros se negaron a ello, alegando que no tenían dicha obligación; que el Tesorero de Puerto Rico, aquí demandado, no obstante el hecho de que la peticionaria le informó de la negativa de los cosecheros a pagar al referido impuesto, in-

siste en cobrarle la suma total de $250 que dichos cosecheros no pagaron, y que el Tesorero, para el cobro de la aludida cantidad, amenaza proceder contra los bienes de la peticionaria. La petición entonces sigue alegando los daños y las inconveniencias a que la peticionaria sería sometida si se le permitiese al Tesorero proceder. La Corte de Distrito de San Juan declaró con lugar la excepción previa.

La médula de la opinión de la corte fué que la peticionaria mediante sus compras asumió la obligación de pagar los $250. Puede decirse que el argumento principal de la apelante es que son los cosecheros los responsables de la contribución y que no recae responsabilidad alguna sobre ella por la mera compra del tabaco. La apelante también insiste en que para recobrar el impuesto el Tesorero debería acudir a los cosecheros del tabaco; que si la contribución hubiese sido depositada en manos de la demandante ésta sería solamente un agente retenedor del Tesorero.

Incidentalmente la apelante alega que su posición no se diferencia de la de la persona que compra una parcela de terreno hipotecada y después la enajena, citando el caso de *Luyando* v. *Díaz,* 46 D.P.R. 691. Hasta ahora no hemos podido ver en la petición que la demandante haya dispuesto del tabaco. Pero aun si lo hubiese hecho, creemos que la resolución conjunta le fijaba a la demandante una obligación distinta a la que surge de la compra corriente de una finca hipotecada.

Transcribimos la sección 2 de dicha resolución, que dice:

"Sección 2.—Con el fin de dar cumplimiento a las disposiciones de esta ley, se impondrá o cobrará una contribución de un cuarto (¼) de centavo por cada libra de tabaco que se coseche en Puerto Rico; *Disponiéndose,* que esta contribución sólo podrá cobrarse por una sola vez cada año en el momento de efectuarse la venta por el productor, quedando éste obligado a dejar en poder del comprador la cantidad de un cuarto (¼) de centavo por cada libra de tabaco, según se dispone por la presente sección, y el comprador a su vez pagará dicha contribución al Tesorero de Puerto Rico en la forma que éste prescriba en el reglamento que dictará al efecto. La con-

·tribución que por la presente se impone, se considerará como un gravamen preferente sobre el tabaco cosechado. El Tesorero de Puerto Rico queda obligado a recaudar dicha contribución, y por la presente se le autoriza para dictar las reglas y reglamentos que fueren necesarios para su recaudación.

Ahora bien, la apelante compró esta propiedad y dejó de cobrar la contribución. Según indica el apelado, la apelante no estaba bajo la obligación de comprar el tabaco. Cuando el mismo fué adquirido por la apelante, existía un gravamen claro sobre él. Al aceptar el tabaco sujeto a esta carga la propia apelante se hizo responsable de la deuda que pesaba sobre el mismo. No puede eludir responsabilidad por haber dejado de cobrar al cosechero el importe de la contribución. La resolución claramente tuvo por mira que el comprador de tabaco debía cobrarla y pagarla al Tesorero. Sentado esto, resolvemos que las palabras de la ley convirtieron a la apelante en un deudor principal, o de ser necesario, en un contribuyente. A nuestro juicio, la obligación fijada por la ley resulta clara de la mera lectura de la misma, y ninguno de los casos citados por la apelante fueron similares en sus hechos.

La apelante, tratando de demostrar que la intención de la Legislatura fué distinta, llama la atención al hecho de que la resolución conjunta en su sección 3 dispone que al liquidarse el fondo creado por esta ley, el exceso de la contribución debería ser reembolsado a los contribuyentes o sus causahabientes. La apelante sostiene que sería una injusticia que este dinero fuese devuelto a los productores cuando ellos no pagaban tal contribución. Admitimos que podría surgir un problema, pero no creemos que éste sea lo suficientemente fuerte para militar contra lo que nos parece ser la interpretación clara de la sección 2, supra. Si en realidad, como sucede en este caso, los compradores son obligados a pagar la contribución, éstos pueden ser fácilmente sustituídos por el productor. Por haber comprado el tabaco con esta carga, la apelante se coloca en la situación de los cosecheros. En

realidad, estando obligados a pagar la contribución, podría considerarse a los compradores como contribuyentes ordinarios y debería devolvérseles cualquier exceso.

No sólo no era claro el derecho a un *injunction,* sino que nunca surgió tal derecho.

*La sentencia apelada debe ser confirmada.*