# 95 DTA 75

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL VI
DE CAGUAS, HUMACAO Y GUAYAMA
PANEL II**

M & A FINANCIAL CORP. (JOLM TRITSARE)
Demandante-Recurrido

v.

CARMEN HERNANDEZ LIZARDI, RAFAEL GONZALEZ FRANCO
Y LA SOCIEDAD LEGAL DE GANANCIALES QUE COMPONEN,
AMBOS Y EMMA I. LIZARDI HERNANDEZ
Demandados-Recurrentes

Núm. KLCE-95-00180

San Juan, Puerto Rico, a 28 de abril de 1995

Panel integrado por su presidente, la Juez López Vilanova
y los jueces Delgado Hernández y Rodríguez García

Delgado Hernández, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

La recurrente Carmen Hernández Lizardi solicita mediante *certiorari* que revisemos la resolución del Tribunal Superior, Sala de Humacao, que se negó a paralizar una orden de lanzamiento.

El caso plantea si un acreedor hipotecario con rango preferente es parte indispensable en una venta en pública subasta del bien hipotecado, para satisfacer el crédito personal de un acreedor posterior. Resolvemos en la negativa.

### I

Hernández Lizardi y su esposo Rafael González hicieron un préstamo personal, por cuya falta de pago fueron demandados en cobro de dinero por M & A Financial Corp. El Tribunal de Instancia dictó sentencia por la cantidad reclamada. A solicitud del acreedor, se anotó un embargo sobre un inmueble perteneciente a los deudores. El inmueble estaba y está gravado

con una primera hipoteca a favor de la Farmers Home Administration.

En su día, se celebró la subasta y se adjudicó la buena pro al sucesor de M & A Financial, John Tristare. No se notificó de la subasta al acreedor hipotecario.

Luego de varios trámites procesales, el tribunal *a quo* ordenó el lanzamiento de los demandados. Hernández entonces presentó una solicitud de relevo de sentencia en la cual alegó, entre otros extremos, que la venta judicial era nula por no haberse notificado al acreedor hipotecario, a quien caracterizó de indispensable.

El Tribunal de Instancia denegó el relevo solicitado mediante Resolución notificada el 2 de marzo de 1995. De dicha determinación recurrió Hernández ante este Tribunal el 31 de marzo de 1995. Ante nos, reitera su planteamiento sobre parte indispensable, y solicita, en consecuencia, que se dejen sin efecto tanto la venta judicial del inmueble como la orden de lanzamiento.

## II

A tenor con la Regla 16.1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, es parte indispensable aquella que tiene un interés común sin cuya presencia no puede adjudicarse la controversia.

La Regla tiene el propósito de evitar multiplicidad de pleitos, lo que asegura que el Tribunal pueda dictar un remedio efectivo y completo para las partes en el litigio. Además, protege a las personas ausentes de los efectos perjudiciales que pudiera tener la resolución del caso sin su presencia. *Cepeda v. García,* **93 JTS 20**, pág. 10395; *Hernández Agosto v. Romero Barceló,* 112 D.P.R. 407, 412-413 (1983).

Habida cuenta que estos objetivos se cumplen sin la presencia del acreedor hipotecario, no puede decirse que éste sea parte indispensable.

Primero, el Tribunal de Instancia puede dictar un remedio efectivo y completo para las partes en el litigio sin la presencia de dicho acreedor. Nótese que la obligación que se intenta satisfacer en este caso no está relacionada con la que garantiza la hipoteca. La fuente de una y otra obligación es separada y distinta.

El ausente no tiene que presentarse al pleito para que el Tribunal pueda evaluar y adjudicar los derechos de las partes, y proveer el remedio que corresponde a lo solicitado por el demandante. Véase *Thompson v. Tualatin Hills Park & Rec.,* 496 F. Supp. 530, 538 (D. Or. 1980), 701 F. 2d 99 (9no Cir. 1983), en el cual se resolvió, en el contexto de la Regla 19 de Procedimiento Civil Federal, correspondiente a nuestra Regla 16.1, que un acreedor hipotecario no era parte indispensable.

Segundo, la ausencia del acreedor hipotecario no lo perjudica como cuestión de derecho. En la venta en pública subasta de un bien gravado, el titular de una hipoteca de rango preferente no corre el riesgo de que se elimine su crédito o garantía. Las cargas preferentes del bien subsisten a pesar de la venta. VI Buenaventura Camy Sánchez-Cañete, *Comentarios a la Legislación Hipotecaria*, Aranzadi, Pamplona, 1983, págs. 726, 756-757.

Nuestro ordenamiento sigue el principio de subsistencia de derechos inscritos por acreedores preferentes. Cualquier adjudicación está sujeta a dichos derechos. En este sistema --contrario al de purga de créditos-- los créditos preferentes no se extinguen con la ejecución. *Arroyo v. Registrador,* 86 D.P.R. 362, 370-371 (1962); *Trautman v. P.R. Ore Co.*, 46 D.P.R. 775, 777 (1934).

El que adquiere una finca hipotecada por adjudicación en pago de una deuda reconocida por sentencia, se convierte en dueño de algo que estaba, y que continúa sujeto a un determinado gravamen. *Fernández v. Hernández,* 16 D.P.R. 75, 77 (1910). Las hipotecas y gravámenes preferentes al crédito del ejecutante también subsisten aunque el comprador en subasta solicite el lanzamiento del deudor. Buenaventura Camy Sánchez-Cañete, *ob cit.,* págs. 756-757

Por tanto, según ha reconocido la doctrina, esta protección hace innecesaria la notificación de la subasta o ejecución al acreedor preferente. Véase, entre otros, a Rafael Ramos Folqués, *"El Problema de la Notificación a los Anotantes Posteriores",* Revista Crítica de Derecho Inmobiliario, Núm. 304, 1953, pág. 610. Para dicho autor,*"[l]os titulares de asientos anteriores y preferentes quedan incólumes en sus derechos y no necesitan de la notificación".*

A tono con lo expuesto, la jurisprudencia ha permitido la venta de bienes hipotecados para satisfacer el crédito de acreedores distintos al hipotecario preferente, sin que, hasta donde puede colegirse de las opiniones, éste haya participado en la subasta o recibido previa notificación de la misma. Véanse *Valledor v. Diez,* 35 D.P.R. 21 (1926); *Santos v. Morán,* 32 D.P.R. 59 (1923); *Fernández v. Hernández, supra.*

Nuestro Tribunal Supremo también ha resuelto que los arrendatarios bajo la Ley de Alquileres Razonables con títulos anteriores a la constitución de una hipoteca, tienen derecho a intervenir en la ejecución de la misma. *Housing Investment v. Luna,* 112 D.P.R. 173, 179-181 (1982).

Finalmente, titulares registrales posteriores a un crédito hipotecario deben ser citados en la eventualidad de ejecución del crédito preferente siempre que sean definidos o conocidos por el ejecutante, habida cuenta que perderían su garantía con la ejecución. Artículo 14a de la Ley Hipotecaria, 30 L.P.R.A. sec. 2473; *Caguas Federal v. Martínez,* 112 D.P.R. 851, 853-854 (1982); *F.D.I.C. v. Registrador,* 111 D.P.R. 602 (1981).

### III

Un examen del expediente revela que el crédito del acreedor hipotecario es superior al del acreedor ejecutante. En el Acta de Subasta se consignó que el inmueble estaba sujeto a una hipoteca de la Farmers Home Administration. El ejecutante adquirió el inmueble sujeto a dicho gravamen. La venta de la finca en pública subasta transmitió el gravamen real sobre el inmueble. Toda vez que la garantía real del acreedor hipotecario se mantiene intacta, no podemos decir que Farners Home sea parte indispensable.

No obstante, la peticionaria argumenta que se debió de notificar a Farmers Home de la subasta porque existen ciertas y determinadas obligaciones contractuales entre ella y el acreedor hipotecario, cuyo posible incumplimiento a raíz del lanzamiento podrían significarle intereses o penalidades. También, alega que el título adquirido por el demandante en la subasta es nulo por no haber sido aceptado por Farmers Home. No le asiste la razón.

Primero, si la peticionaria quiere o quería evitar penalidades con su acreedor hipotecario, debió de enviarle la misma notificación que ahora invoca o reclama. Su responsabilidad personal con dicho acreedor subsiste hasta que no sea liberada por Farmers Home, independientemente de que se haya vendido o adjudicado el inmueble. *Calo Rivera v. Reyes,* 115 D.P.R. 123 (1984); *Teachers Annuity & Retirement Systems v. Sociedad de Gananciales,* 115 D.P.R. 277 (1984).

Segundo, la validez del título no depende, contrario a lo que señala la peticionaria, de la aceptación o consentimiento por parte del acreedor hipotecario. En la hipoteca coexisten un elemento personal y un elemento real. *Puerto Rico Production Credit Association v.*

*Registrador,* **89 JTS 13**, pág. 6593. Cuando se vende una finca hipotecada, la deuda continúa a cargo del hipotecante u obligado original, mientras que la responsabilidad y garantía real sigue a la finca. III J. Puig Brutau, *Fundamentos de Derecho Civil,* Bosch, Barcelona, 1989, pág. 448; IX *Nueva Enciclopedia Jurídica,* Francisco Séix Ed., Barcelona, 1962, pág. 59.

Por ello, la constitución de una hipoteca no entorpece, como cuestión de derecho, la facultad dispositiva del propietario. Rafael Ramos Folqués, *"El Tercer Poseedor de Bienes Anotados y la Vía de Apremio",* Revista Crítica de Derecho Inmobiliario, Núm. 294, 1952, pág. 790. El acreedor hipotecario tiene que consentir a la liberación del hipotecante de la obligación personal, y a la aceptación del nuevo titular como su deudor, no a la transferencia del título del propietario para que ésta pueda llevarse a efecto. Véase J. Puig Brutau, *ob. cit.*

Por los fundamentos expuestos, en las circunstancias particulares de este caso el acreedor hipotecario no tenía que ser notificado de la subasta. Se deniega la expedición del auto solicitado.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General